John Carr, Plaintiff, v. James Edwards, and Checker
Taxi Company, Defendants.
Checker Taxi Company, Counterplaintiff-Appellee, v.
James Edwards, Counterdefendant-Appellant.

### Gen. No. 46,906.

First District, First Division.
November 19, 1956.
Released for publication February 11, 1957.

Laff & Tuber, of Chicago, for counterdefendant-
appellant.

Jesmer and Harris, of Chicago, for counterplaintiff-
appellee.

JUDGE BURKE delivered the opinion of the court.
On December 9, 1954, John Carr filed a statement of
claim in the Municipal Court of Chicago against James
Edwards and Checker Taxi Company for damages
caused to his premises by the alleged negligent opera-
tion of the automobile of defendants. The corporate
defendant was served with a summons. The bailiff

made a return that he was unable to find Edwards. On January 6, 1955, the corporate defendant filed an answer and a counterclaim. The answer denied that it was guilty of any act of negligence. The counterclaim averred that by reason of the negligence of Edwards, counterdefendant, in the operation of his automobile, the automobile of counterplaintiff was damaged and it demanded judgment against Edwards for $200.

On August 28, 1955, an alias summons was served on Edwards. This summons required the defendant to answer the statement of claim of the plaintiff. A copy of the statement of claim was attached to the summons. On September 13, 1955, a default for want of an appearance was entered against Edwards. The latter did not file an appearance or an answer. On October 19, 1955, the court entered judgment for the plaintiff and against Edwards for $355.30 and for the corporation and against Edwards on the counterclaim for $200. Plaintiff's claim against the corporation was dismissed. In due time the defendant filed a petition supported by an affidavit to vacate the judgment on the counterclaim. The affidavit stated that Edwards had no notice of the filing of the counterclaim until after the entry of judgment. The court denied the motion to vacate the judgment. Edwards appeals from the judgment rendered against him on the counterclaim and the order denying his motion to vacate. He does not complain of the judgment in favor of the plaintiff.

Appellant asserts that the court erred in refusing to vacate the judgment in favor of the corporation without the service of any notice upon him of the filing of the counterclaim. The appellee insists that the judgment on the counterclaim was properly entered. It places reliance on Rule 33 of the Municipal Court of Chicago in force in 1955 reading: "(1) Any demand

by one or more defendants against one or more plaintiffs, or against one or more co-defendants, whether in the nature of setoff or recoupment, and whether in tort or contract, for liquidated or unliquidated damages, may be pleaded as a cross-demand in any action, and when so pleaded shall be called a counterclaim. (2) The counterclaim shall be a part of the answer, and shall be designated as a counterclaim." Appellee states that the rules required that a counterclaim be filed as a part of the answer, that Edwards was duly served with summons, that when he chose not to defend the litigation he defaulted on the state of the record at the time of service of summons, and that consequently the judgment should not be disturbed.

Edwards calls attention to Rule 28 of the Municipal Court of Chicago in force in 1955 providing that except in case of defaults, the prayer for relief shall not be deemed to limit the relief obtainable, and to a similar provision in the Civil Practice Act. In support of his position that on a default the relief granted cannot exceed the specific prayer of the complaint, appellant cites Kryl v. Zelezny, 290 Ill. App. 599; Western Smelting & Refining Co. v. Benjamin Harris & Co., 302 Ill. App. 535; and Oetting v. Graham, 373 Ill. 247.

The provision of Rule 33 of the Municipal Court of Chicago that any demand by a defendant against a co-defendant, may be pleaded as a cross-demand in any action, does not exclude the elemental requirement of notice of the filing of a counterclaim to a co-defendant who has defaulted. It will be observed that a rule requires that a true copy of the statement of claim shall be served on each defendant with the summons. The cases cited by the appellant hold that on default the relief granted cannot exceed the specific prayer of the statement of claim. In our opinion it would be unreasonable to expect a defendant who had defaulted to anticipate that a co-defendant would file a counter-

371

claim against him. The principle announced in the cases above cited is applicable to the facts of the instant case.

We do not find any rule specifically requiring that a co-defendant be given notice of the filing of a counterclaim against him and that he be required to answer or otherwise plead thereto. We feel nevertheless that the rules intend that a co-defendant who becomes a cross-defendant and is in default in the case in chief should have notice of the pendency of the counterclaim and that this is required by elemental justice.

We are of the opinion that the appellant should be given an opportunity to present whatever defense he may have. Therefore, the order of the Municipal Court of Chicago refusing to vacate the judgment on the counterclaim is reversed and the cause is remanded with directions to sustain the motion to vacate the judgment and for further proceedings in due course.

Order reversed and cause remanded with directions.

NIEMEYER, P. J. and FRIEND, J., concur.