Howard G. Klehm, Plaintiff-Appellee, v. Wynne S. Klehm, et al., Defendant-Appellant.

Gen. No. 11,735.

Second District, First Division.

May 23, 1963.

Rehearing denied June 24, 1963.

Arthur C. Holt, of Waukegan, for Wynne S. Klehm, appellant.

Finn and Geiger, of Waukegan (Fred H. Geiger, of counsel), for appellee.

SMITH, J.

Plaintiff filed his suit against his wife, Wynne, and their mortgagee, to partition jointly owned real estate.

Personal service was had on the wife on November 13, 1961 and on the mortgagee on November 14, 1961. Neither appeared or answered and on December 28, 1961, each was defaulted. On January 5, 1962, both defendants were notified by ordinary mail that the plaintiff would appear in court on January 10 and ask leave to amend the complaint as to the legal description of the property. Neither defendant appeared and the amendment was made. The amendment referred to property in the same section, range and township, but contained real estate about ten times the size of that contained in the original complaint. On January 12, a decree for partition and the appointment of a commissioner was entered. The commissioner appraised the property at $60,000 and found that it was not susceptible of division in kind. A decree for its sale followed on February 13.

On March 15, the wife filed her motion, supported by the affidavit of her attorney, to vacate both the decree for partition and the decree for sale. The affidavit set forth the employment of her present attorney on March 14; that the plaintiff had not complied with Supreme Court Rule 7–1 as to notice of the amendment; that a divorce, at the wife's suit, was pending between the parties prior to the partition suit asking for a division of all their property; that the two causes should be consolidated; and that the defendant had acted with reasonable diligence and had a meritorious defense to the partition suit. The trial court denied the motion, refused to vacate the decrees, and this appeal followed.

Sec 34 of The Civil Practice Act (Ill Rev Stats 1961, c 110, § 34), as it relates to defaults, is explicit and reads as follows:

> "In case of default, if relief beyond that prayed in the pleading to which the party is in default is sought, whether by amendment, counterclaim

or otherwise, notice shall be given the defaulted party as provided by rule."

Supreme Court Rule 7-1 (Ill Rev Stats 1961, c 110, § 101.7-1), as it relates to defaults, is equally explicit and, in so far as applicable, reads:

"If new or additional relief . . . is sought . . . notice shall be given . . .

(b) By prepaid registered mail addressed to the party, return receipt requested, delivery limited to addressee only. Service is not complete until the notice is received by the defendant and the registry receipt is prima facie evidence thereof."

■■ It is readily apparent that the plaintiff made no attempt either to comply with Sec 34 of the CPA or Supreme Court Rule 7-1. In his brief he states that "there is no question but that the defendant received the notice sent by regular mail." This fact, even if true, is of no assistance to this court, as it is unsupported by anything in the record and is thus not before us. Even if true, the notice given was before the fact of amendment rather than after the fact as the rule requires. Rule 7-1 prescribes the form of the notice to which a defaulted defendant is entitled in the following language:

"It shall state that a pleading seeking new or additional relief against him has been filed and that a judgment or decree by default may be taken against him for the new or additional relief unless he files an answer or otherwise files an appearance in the office of the clerk of the court within 30 days after service, receipt by registered mail. . . ."

Plaintiff contends that motions to set aside a default are addressed to the sound discretion of the trial

426

court, and its action will not be disturbed except for an abuse of that discretion. Plaintiff further contends that Rule 7–1 applies only "if new or additional relief is sought"; that partition of all of the real estate owned by the parties was sought in the original complaint and in the amended complaint; that the interest of the parties is the same; and that the amendment is not a change of substance and, hence, Rule 7–1 does not apply.

■ We are at once confronted with the question as to whether the change in description is relief beyond that sought in the original pleading and whether it is new or additional relief within the contemplation of Rule 7–1. We have observed that the real estate in the amended complaint contains an area approximately ten times that of the original complaint and is basically new and different real estate. We are of the opinion that it is relief beyond that sought in the original complaint and that it is relief as to new or additional real estate. The subject matter of the new suit is simply a new and a different res. It is fundamentally and basically a new suit, affecting different property of a different value. This is not a case of a minor correction of the description in the same property. It is abandoning the old and substituting the new. We cannot say that such a change is without substance nor that it is not a substantial change in the relief sought.

■ ■ The legislature in Sec 34, CPA, and the Supreme Court in Rule 7–1, have prescribed the rules whereby a default may be entered. The plaintiff has made no pretense of bringing himself within those rules. It is fundamental in our system of jurisprudence that a defendant is entitled to know the precise charge that is laid at his door, the nature and the extent of the relief sought, the property that is or may be affected and an opportunity to be heard. The wife

has had none of these. The rules whereby a default may be appropriately entered have been fully and completely by-passed. Such is neither the spirit, the intent, nor the letter of the act and the rule adopted for its implementation. It is our considered opinion that it was an abuse of discretion not to require a substantial compliance with their plain and explicit provisions. "The rule is that a substantial amendment to an original complaint, under which a default decree has been entered against defendant, vacates the previous default decree [Citing cases]" Carnes v. Carnes, 333 Ill App 316, 321, 77 NE2d 341.

Accordingly, this case must be reversed and remanded to the trial court with directions to allow defendant's motion to vacate the decrees of January 12 and February 13 and for further proceedings in conformity with the views herein expressed.

Reversed and remanded with directions.

McNEAL, PJ and DOVE, J, concur.