Park Avenue Lumber & Supply Company, a Corporation, Plaintiff, v. Nils A. Hofverberg, Inc., a Corporation, et al., Defendants-Appellees.
On Appeal of The Exchange National Bank of Chicago, as Trustee; Morton Shapiro; and Sidney Boyansky, Defendants-Appellants.

Gen. No. 50,841.

First District, Third Division.

October 27, 1966.

Rehearing denied November 18, 1966.

Block & Solomon, of Chicago (Irving L. Block, Milton H. Solomon and Harry C. Erdos, of counsel), for appellants.

John Demling and Robert J. DiLeonardi, of Chicago (John Demling, of counsel), for appellee, Nils A. Hofverberg, Inc.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order entered in a proceeding under section 72 of the Civil Practice Act. The order modified a decree previously entered in a mechanic's lien suit by vacating and setting aside that portion thereof which undertook to bar Nils A. Hofverberg, Inc. (Hofverberg, Inc.), the appellee defendant, from making any claim for a mechanic's lien or for money due it for work, labor or material furnished to the premises described. The principal issue is whether it is proper in a proceeding under section 72 to modify a decree which has granted relief against a defaulted defendant far beyond that prayed for in the complaint.

As all the issues in this case are to be resolved on the averments in the pleadings filed in the mechanic's lien suit, the findings of the court in the decree entered therein, the averments in the petition under section 72 and the findings of the court in the order entered therein, we will first examine those pleadings and findings. To avoid confusion, we will adopt the suggestion of counsel for appellants and call the initial pleading in the mechan-

337

ic's lien suit filed by Park Avenue Lumber & Supply Company (Park Avenue Lumber) the "complaint" and the initial pleading in the section 72 proceeding filed by defendant Hofverberg, Inc. the "petition," and we will refer to the final order in the mechanic's lien suit as the "decree," and to the final order in the section 72 proceeding as the "order." A third suit which has some pertinence to the issues was filed by Hofverberg, Inc. after the filing of the Park Avenue Lumber suit, but before the decree entered therein.

## THE MECHANIC'S LIEN SUIT.

The complaint in the mechanic's lien suit filed by Park Avenue Lumber sought to establish a mechanic's lien for $3,848.01 for lumber supplied and services performed in connection with the construction of certain buildings on land held in trust by defendant Exchange National Bank of Chicago (Exchange Bank). Additional defendants to that suit were the Marshall Savings & Loan Association as mortgagee, Morton Shapiro and Sidney Boyansky, copartners doing business as Morton Management Company, Nils A. Hofverberg, Inc., the appellee, and a number of other defendants alleged to have had claims for mechanic's liens. This complaint averred that Exchange Bank as trustee had contracted with defendants Shapiro and Boyansky as general contractors for the construction of buildings and that the latter had in turn contracted with Hofverberg, Inc. for carpentry work and materials and with other claimants for other materials and services. Hofverberg, Inc., as subcontractor, placed orders with Park Avenue Lumber and with other claimants for work and materials. The complaint further averred that Hofverberg, Inc. contracted with it to supply lumber at a price of $3,848.01; that it furnished the lumber, and *that the owner and/or contractors were indebted to Hofverberg, Inc. in excess of the amount due*

338

*plaintiff* when, on November 20, 1963, it served notice of lien on the owner. The prayer of the complaint asked that plaintiff be decreed to have a mechanic's lien on the premises, that a receiver be appointed, and that the defendant subcontractor (Hofverberg, Inc.) and/or the defendant owner be decreed to pay plaintiff the amount found due, and that in default of such payment, the premises be sold, and that plaintiff have other and further relief.

## ANSWERS TO THE COMPLAINT.

An answer was filed by the Exchange Bank and Marshall Savings & Loan Association, in which the Exchange bank as trustee alleged that it dealt with the property on direction of the beneficiaries and *that it held a naked legal title,* but could not exercise any dominion over the property. It admitted that Morton Management Co. was the general contractor, denied that Shapiro and Boyansky were beneficiaries of the trust, and alleged that it was advised, but had no direct knowledge, that Hofverberg, Inc. entered into a contract with Morton Management Co. to supply lumber and carpentry. So far as appears, there was no contest in the mechanic's lien suit.

## THE DECREE.

The decree provided that Park Avenue Lumber should be paid the amount of the indebtedness due it, to-wit: $2,129.98; that it had a mechanic's lien for that amount, and that defendant Hofverberg, Inc., together with Morton Shapiro and Sidney Boyansky had defaulted for want of appearance and that the decree should be taken as confessed against them, and provided that Hofverberg, Inc. "should be barred from making any further claim in this or any further proceeding for any alleged mechan-

339

ic's lien or mechanics' liens or *for any claim for moneys alleged to be due by reason of furnishing any work, labor or material to the premises aforedescribed."* (Emphasis added.) No execution for costs was served on Hofverberg, Inc., until after the thirty-day period had expired.

## THE PETITION.

On March 4, 1965, Hofverberg, Inc. filed its petition in the section 72 proceeding, charging that the decree entered on December 30, 1964, in the mechanic's lien proceeding was improperly entered because the complaint in that cause sought no relief against the petitioner other than a money judgment; that it did not allege that Hofverberg, Inc. claimed any interest either by mechanic's lien or otherwise; that Hofverberg, Inc. had never been served with or had any notice of counterclaims filed; that all the counterclaims were dismissed before the entry of the decree; that the decree undertook to bar Hofverberg, Inc., from claims against Shapiro and Boyansky, notwithstanding the fact that both of them were defaulted in the same mechanic's lien suit for failure to appear or plead; *that at the time the decree was entered, on December 30, 1964, there was pending in the same court a mechanic's lien foreclosure suit brought by Hofverberg, Inc. against Shapiro and Boyansky as general contractors;* that defendants-appellants had been personally served with summons in that suit and were obliged to apprise the court of the pendency of the other litigation; that petitioner did not know or discover the facts until about February 11, 1965, when it was served with a notice of motion to dismiss the pending mechanic's lien action brought by it and to bar the petitioner from making any claim. It alleges it had a valid mechanic's lien in the sum of $77,000.

It should be noted that Exchange Bank denied having any interest in the property involved in the litigation,

340

except as the holder of legal title to the real estate, and that Morton Shapiro and Sidney Boyansky were both defaulted. Thus, it would appear that the real parties in interest, that is, the owners of the beneficial interest, are not before the court. Counsel for the Exchange Bank also represented the general contractors Shapiro and Boyansky and while they appeared for the Exchange Bank in the mechanic's lien suit, they permitted a default judgment to be entered against their clients Shapiro and Boyansky.

## MOTION TO STRIKE THE 72 PETITION.

A motion to strike the 72 petition was presented by defendants-appellants Exchange Bank, Marshall Savings & Loan, Morton Shapiro and Sidney Boyanksy. The motion, supported by an 18-page memorandum of law, raised the foreclosure decree as a bar to any further proceedings of similar nature and challenged the sufficiency of the section 72 petition.

## ORDER IN THE SECTION 72 PROCEEDING.

The court did not disturb the portions of the foreclosure decree which declared that Park Avenue Lumber was entitled to a mechanic's lien. The order did, however, state that the provisions of the decree relating to Hofverberg, Inc. were not supported by the pleadings; that the complaint in the mechanic's lien proceeding contained no allegation that Hofverberg, Inc. claimed a lien on the premises; that no issue was presented on that point; and that the complaint contained no allegations of fact upon which to base any finding or decree barring Hofverberg, Inc. from asserting a lien or maintaining a suit to collect for its work; that the complaint of Park Avenue Lumber was the only pleading served on Hofverberg, Inc. and that the sworn answer of Exchange

341

Bank as trustee was not served on it; *that the Exchange Bank as trustee was advised that Shapiro and Boyansky were indebted to Hofverberg, Inc., but that the amount of the indebtedness was in dispute* (emphasis ours) ; that no allegation of the complaint or of the verified answer of defendant Exchange Bank supports the finding of the decree that Hofverberg, Inc. has no mechanic's lien on the premises or is barred from pursuing any claim for moneys due; that the decree purports to grant affirmative relief in favor of the defaulted parties against Hofverberg, Inc., although Hofverberg received no notice of the fact that any affirmative relief would be sought. On these grounds the court vacated and set aside that portion of the decree in the mechanic's lien suit which barred Hofverberg, Inc. from asserting its claim for mechanic's lien or for moneys due in connection with the premises involved.

Defendants-appellants in their Points and Authorities present four grounds of error:

1. That the court did not obtain jurisdiction of the parties so as to enable it to grant relief under section 72, in that proper service was not effected, and, as a corollary, that the decree is incomplete on its face;

2. That the court had jurisdiction of the parties and of the subject matter and hence its decree could not be void.

3. That the Mechanic's Lien Act contemplates that there should be but one suit and that all persons known to the plaintiff to have any legal or equitable claim should be made parties thereto;

4. That Hofverberg, Inc. cannot obtain relief under sections 72 and 76 of the Civil Practice Act because that Act will not relieve against alleged errors of law.

342

■ On the first point, service was made by ordinary mail, whereas pursuant to Supreme Court Rules 7–1 and 7–2, service in a case such as this may be made by *registered* mail. Defendants-appellants appeared in court, however, and filed a motion to strike the petition on its merits, presented a lengthy argument in support thereof, and made extensive arguments to the court before amending their motion to include the ground of improper service. Their appearance was general, and we see no merit in their contention that the court did not obtain jurisdiction.

■ The second item raised in Point I is that by allowing part of the decree to stand, the court is placing a cloud on title and impeding alienation of the property. For this reason defendants-appellants contend that the decree as modified is incomplete on its face and does not dispose of the case on the merits. The relief sought in the Hofverberg petition was modification of the decree in the mechanic's lien suit to the extent to which it granted relief outside the scope of the complaint filed in the case. The order merely permits Hofverberg, Inc. to pursue its claim for mechanic's lien or for moneys due. It was not incumbent upon the court to adjudicate the extent of Hofverberg, Inc.'s claim. That is to be done in a proceeding in which Hofverberg, Inc. prosecutes its claim.

■ Defendants-appellants argue in their reply brief that a hearing should have been held after denial of their motion to strike the petition. The point was not made either in the Points and Authorities nor in the argument in their original brief filed herein except as it may be inferred from the vague language of Point I. The Points and Authorities, under Rule 39, is the statement of the ground upon which appellants seek relief. It supplants the assignment of errors, which was the formal pleading used prior to adoption of modern practice acts. Aside

343

from the technical aspect, we see no occasion for the court to have held another hearing after it passed upon defendants-appellants' motion to strike. The matters upon which the court decided the issue were of record and undisputed.

Essentially, what defendants-appellants contend appears to be that the court should have permitted them to file an answer to the section 72 petition and should have proceeded to hear the merits of Hofverberg, Inc.'s claim for a mechanic's lien or for moneys due. There apparently was some colloquy between the court and counsel with respect to this, but nowhere did defendants-appellants present or ask leave to present an answer or say to the court that they desired it to determine the extent and character of Hofverberg, Inc.'s claim. They will, of course, have an opportunity to present their defense on the merits in the suit brought by Hofverberg, Inc.

We proceed to consideration of the second point made by defendants-appellants; that is, that if the court had jurisdiction of the parties and the subject matter, the decree could not be void. While the language of some of the cases cited by defendants-appellants affords a semblance of authority for their position, it clearly cannot be literally applied. A decree in a partition suit brought by a husband against his wife, for example, could not support a decree of divorce if the complaint did not state such a case and the prayer for relief did not cover it. It is a farfetched example, but one which indicates the weakness in appellants' position. A much more accurate rule is set forth in Restatement, Judgments, as follows:

> "Even though the State has jurisdiction over the parties and even though the court is one with competency to render the judgment, a judgment by default is void if it was outside the cause of action stated in the complaint and if the defendant was not given a fair opportunity to defend against the claim on which the judgment was based. . . ." Sec 8 (c).

344

■■ One has a right to assume that the relief granted on default will not exceed or substantially differ from that described in the complaint, and he may safely allow a default to be taken in reliance upon this assumption. Sceva Steel Buildings, Inc. v. Weitz, 66 Wash2d 260, 401 P2d 980; Klehm v. Klehm, 41 Ill App2d 423, 191 NE2d 69. This right is protected by section 34 of the Civil Practice Act and by Supreme Court Rule 7–1 which provide that in case of default, if relief beyond that prayed for in the pleadings is sought, whether by amendment, counterclaim or otherwise, notice shall be given the defaulted party. If a party in default is not notified of an amendment changing the complaint in a matter of substance, he may challenge the ensuing decree by means of a section 72 petition. Carr v. Edwards, 12 Ill App2d 369, 139 NE2d 836; Western Smelting & Refining Co. v. Benjamin Harris & Co., 302 Ill App 535, 24 NE2d 255; Dahlin v. Maytag Co., 238 Ill App 85; Frank v. Newburger, 298 Ill App 548, 19 NE2d 147.

■ ■ The third point made by defendants-appellants is that the Mechanic's Lien Act contemplated that there should be but one suit; that is, that all persons known to have any legal or equitable claim should be made parties so that the watermelon might be cut in proper portions. There is no question but that this is the general policy with respect to mechanics' lien suits, but that does not mean that the general rules relating to equity practice and procedure do not apply. Defendants-appellants rely on Granquist v. Western Tube Co., 240 Ill 132, 88 NE 468. That case holds that all known lien claimants must be made parties to a mechanic's lien proceeding and that separate lien proceedings pending at the same time must be consolidated. This is consistent with the time-honored equitable principle that the genuine parties in interest should be the parties to an equitable proceeding. 1 Pomeroy, Equity Jurisdiction, sec 114 (5th ed 1941) ; Green v. Grant, 143 Ill 61, 69, 32 NE 369. In

the instant case, defendants-appellants did not make a bona fide attempt to bring all the interested parties before the court for a single adjudication. The same counsel represented Exchange Bank, the trustee, Marshall Savings & Loan, the mortgagee, and Shapiro and Boyansky, the general contractors. Although the identity of the holder of the beneficial interest in the real estate, a genuine party in interest, must have been known to the appellants, they did not disclose his identity nor attempt to bring him before the court.

█ Counsel for Shapiro and Boyansky helped draft the decree which held Shapiro and Boyansky in default. The attorney for Park Avenue Lumber sent a proposed draft of the mechanic's lien decree to the attorneys for defendants-appellants, who then redrafted it. When the hearing was held in the mechanic's lien suit, counsel submitted the redrafted decree to the court, appeared on behalf of Exchange Bank and Marshall Savings & Loan, but their clients Shapiro and Boyansky, having entered no appearance, were defaulted. Counsel for appellants did not disclose to the court before the decree was entered that Hofverberg, Inc. had instituted a suit for a mechanic's lien in the same court. If they had, the two suits would have been consolidated. They withheld from the court information which in our opinion should have been disclosed. It was they who frustrated the policy of the Mechanic's Lien Act.

The final point made by defendants-appellants is that Hofverberg, Inc. cannot obtain relief under section 72 because (1) there is no showing of diligence, and (2) the error, if any, was one of law for which section 72 does not afford relief. Attorneys for Hofverberg, Inc. frankly state that summons and complaint were delivered to Hofverberg, Inc. and that the latter did nothing about it; that subsequently it retained a lawyer to file its claim for $77,000 against Shapiro and Boyansky and against the owners and mortgagee of the real estate, and that the

346

lawyers failed to determine that there was an action pending in which Hofverberg, Inc. was a defendant. They say, on the other hand, that Shapiro and Boyansky and the others were served with summons in the suit brought by Hofverberg, Inc. prior to the entry of the December 30, 1964, decree and that thirty days were allowed to pass after the decree in the instant suit before defendants-appellants moved for dismissal of the suit brought by Hofverberg.

■ Defendants-appellants contend that the practice of this type of law is peculiarly subject to hazards and that the policy of allowing amendments to conform to proof and to cure incidental errors should not apply where the proof was presented ex parte. Every lawyer and every judge in this county knows that the numerous courts and massive amount of litigation conducted here is bound to lead to defaults. For that reason the tendency is to apply section 72 liberally, and this is justified by history and precedent.

■ Section 72 is a statutory substitute for several common-law writs, most notably, the writ of error coram nobis. The Supreme Court of Illinois had occasion to review the history of this section in Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350. After an exhaustive study of the common-law writ, the court concluded that the statutory remedy should be applied more liberally than its predecessors, and went on to note, p 291:

> "Further, we find that the motion has been used extensively as a procedural device to prevent injustice by making possible the vacation of judgments entered without notice to a party where the circumstances were such as to require specific notice."

■ ■ The liberal construction of section 72 was reaffirmed in Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, and the policy enunciated by the court there clearly establishes that the courts are not strictly

347

bound by precedent in affording post-judgment relief, but rather may exercise their equitable powers to grant relief where necessary to prevent injustice. Whether or not the litigant is entitled to relief under section 72 depends on all the circumstances attendant on the entry of the default judgment. Many different factual situations would justify or, indeed, necessitate the vacation of a decree or portion thereof. In Bell Auto Repair & Painting Corp. v. Henderson, 73 Ill App2d 234, 219 NE2d 642, filed by this court on July 21, 1966, we held that a decree should have been vacated even though more than two years had elapsed since its rendition. The defaulted party supported his motion to vacate by affidavit that a cognovit note had been procured from him by fraud and that the holder of the note obtained a judgment without notifying the defendant, and had further concealed the existence of the judgment for about three years. We held that relief under such conditions was within the purview of section 72.

In determining the merits of a section 72 petition, the court need not restrict its inquiry to the facts preceding the default judgment, but may consider the conduct of the parties after judgment has been entered. Failure to sue out an execution during the thirty day period in which a decree may be directly attacked is in itself a cloud on the conduct of the party taking the default judgment, and the court may consider such delay when deciding a section 72 petition. Jansma Transport, Inc. v. Torino Baking Co., 27 Ill App2d 347, 169 NE2d 829. The same principle applies in the instant case, where defendant-appellants interposed the default decree as a defense only after the thirty days had run.

If the decree in the Park Avenue Lumber case were permitted to stand, Hofverberg, Inc. would be precluded from enforcing any claim for materials supplied and services rendered, even though the pleadings of several of the parties to the Park Avenue Lumber mechanic's

348

lien proceeding allude to a debt running to Hofverberg, Inc. for its work in the construction project. Although the fact that Hofverberg, Inc. has such a claim is apparent from the face of the pleadings, the decree of December 30, 1964, not only bars it from asserting its right to a lien, but also enjoins it from suing in a simple contract action for what may be due it. Thus Shapiro and Boyansky, the general contractors who engaged Hofverberg, Inc. would be immune from suit, even though they themselves had been defaulted in the same suit. Finally, the holders of the beneficial interest in the land trust, whose identity is still undisclosed, would likewise be immune from prosecution of any lien for work and services performed by Hofverberg, Inc. even though they never appeared in court and, according to the trustee, never authorized any one to represent them. The obvious injustice of this result is apparent.

The trial court with scrupulous care examined all the elements in this case and found in substance that it is within the provisions of section 72 and in the interest of justice to grant relief, and his order is affirmed.

Order affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.