PALATINE SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* THE NATIONAL BANK & TRUST COMPANY OF SYCAMORE *et al.*, Defendants-Appellants.

Second District   No. 79-48

Opinion filed January 21, 1980.

Douglas R. Engel, of Cliffe & Engel, of De Kalb, for appellants.

Thomas Wilson Waters and David A. Bridewell, both of Russell, Bridewell, Sembower & Wright, of Chicago, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendants, Ralph Edgar and Investment Development, Inc., bring this appeal from an order denying their petition to vacate a personal deficiency judgment entered by default in a mortgage foreclosure proceeding. Defendants contend that the judgment is void because notice of plaintiff's intent to seek a deficiency was not issued under Supreme Court Rule 105 (Ill. Rev. Stat. 1977, ch. 110A, par. 105) and that a deficiency decree cannot be entered against a guarantor in a mortgage foreclosure action. We need reach only the first issue.

On September 23, 1972, plaintiff, Palatine Savings and Loan Association, loaned to the National Bank & Trust Company of Sycamore, as trustee under Trust No. 1367, the sum of $652,400. The Sycamore Bank, in its capacity as trustee, executed a promissory note for the full amount of the loan and a mortgage to procure payment of the note. Defendants Ralph Edgar and Investment Development, Inc., executed and delivered to plaintiff a separate document entitled "Personal Undertaking on Land Trust Loan" which provides in part as follows:

> "The undersigned hereby, to induce the making of said loan, agrees to pay said indebtedness as the direct obligation of the undersigned and perform all the obligations under said note and mortgage without regard to the exculpatory provisions in favor of said Trustee."

The "Personal Undertaking" is not an exhibit, is not incorporated in the complaint, but is attached thereto.

On September 2, 1974, plaintiff filed a complaint to foreclose the mortgage alleging that payment had not been made pursuant to the terms of the note. Named as defendants were the National Bank & Trust Company of Sycamore, as trustee under Trust No. 1367; Ralph Edgar, as beneficiary under the trust; and Investment Development, Inc., and, a number of persons and corporations allegedly claiming mechanics' liens against the mortgaged property. The complaint prayed that the Sycamore Bank, as trustee, be found liable for the indebtedness and that the mortgaged property be sold to satisfy the balance due on the loan. The prayer for relief also stated:

> "(e) That in case the proceeds of such sale be not sufficient to pay in full the amounts found due plaintiff, a deficiency decree may be entered in favor of plaintiff and against such of the defendants as may be found personally liable to pay the same, and that execution issue therefor."

Ralph Edgar and Investment Development, Inc., were personally served with summonses but did not appear or file an answer in the foreclosure proceedings. An order of default was entered against both defendants on June 30, 1976. After the property encumbered by the

mortgage was sold, a deficiency judgment was entered against defendants on September 1, 1976, in the amount of $50,000. Defendants were not served with notice after the sale that a deficiency decree was being sought against them.

On August 12, 1977, Ralph Edgar was served personally with a citation to discover assets. Citation proceedings and settlement negotiations continued until August 29, 1978, when defendants filed a petition to vacate the deficiency judgment under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). That petition was denied on October 26, and a timely notice of appeal was filed on November 27, 1978.

Defendants first contend that the deficiency judgment is void because plaintiff failed to comply with the notice requirements of Supreme Court Rule 105 (Ill. Rev. Stat. 1977, ch. 110A, par. 105), which provides in relevant part:

"If new or additional relief, whether by amendment, counterclaim or otherwise, is sought against a party not entitled to notice under Rule 104, notice shall be given him as herein provided."

Defendants argue that the deficiency judgment entered by default in this case constitutes "new or additional relief" because the complaint does not specify that a deficiency judgment is or would be sought against Ralph Edgar and Investment Development, Inc. Defendants point out that the prayer for relief asks only that a deficiency decree be entered against "such of the defendants as may be found personally liable." The body of the complaint does not identify which defendants are alleged to be liable for a deficiency as contemplated by sections 7 and 7.4 of the Illinois Mortgage and Foreclosure Act (Ill. Rev. Stat. 1977, ch. 95, pars. 23.6(3)(m) and 23.6—4), and defendants contend they thus had no reason to believe that a deficiency was sought against them.

Plaintiff contends, on the other hand, that additional relief beyond that requested in the complaint was neither sought nor granted and that Rule 105 is therefore inapplicable. It is plaintiff's position that the prayer for relief coupled with the "personal undertaking" attached to the complaint clearly expressed its intention of seeking a deficiency judgment against Ralph Edgar and Investment Development, Inc.

Section 7 of the Illinois Mortgage and Foreclosure Act (Ill. Rev. Stat. 1977, ch. 95, par. 23.6) provides that if a deficiency judgment is prayed for in a foreclosure proceeding that the persons claimed to be personally liable for a deficiency be identified in the complaint by name. Section 7 provides in relevant part as follows:

"Any suit to foreclose any mortgage, may be brought by means of a short form complaint which may be in substantially the following form: * * * (3) * * * (m) Name or names of persons claimed to

be personally liable for deficiency, if a deficiency judgment is prayed for: _____." (Ill. Rev. Stat. 1977, ch. 95, par. 23.6.)

Section 7.4 specifically provides:

"A prayer for a personal deficiency judgment in a short form complaint *shall* be deemed and construed to mean that * * * the plaintiff may have a personal deficiency judgment *against the persons indicated as being personally liable therefor* * * *." (Emphasis ours.) (Ill. Rev. Stat. 1977, ch. 95, par. 23.6—4.)

■■ In our opinion these provisions mean that the prayer for a deficiency judgment in cases involving the short form complaint applies only to those persons named in the complaint as being personally liable for a deficiency. The complaint in this case, although otherwise in compliance with the statutory form, does not identify the persons "claimed to be personally liable" and does not therefore state a claim for relief against defendants. Further, the "Personal Undertaking" is not an exhibit, nor is it properly incorporated in the complaint by reference.

■■ The law is well settled that a party has the right to assume that the relief granted on a default will not exceed or substantially differ from that asked for in the complaint. (*Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474.) The notice requirements of Rule 105 are designed to prevent a litigant from obtaining new or additional relief without first giving the defaulted party a renewed opportunity to appear and defend. (*Grover v. Franks* (1975), 27 Ill. App. 3d 900.) Neither the body nor prayer in plaintiff's complaint sought a deficiency decree against Ralph Edgar or Investment Development, Inc., and they were therefore entitled to notice under Rule 105. Plaintiff did not comply with the notice requirements and the judgment entered against defendants is void and subject to attack under section 72. *Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110.

Because of our decision on this issue, we need not reach the second issue. We accordingly reverse the order denying the petition to vacate, we grant defendant's leave to plead within such time as fixed by the trial court, and remand for such other and further proceedings as may be appropriate.

Reversed and remanded.

LINDBERG and UNVERZAGT, JJ., concur.