ALBANY BANK & TRUST COMPANY N.A., Plaintiff-Appellee, v. AL-
BANY BANK & TRUST COMPANY N.A. *et al.,* Defendants (Albany Bank &
Trust Company N.A., Trustee, *et al.,* Defendant-Appellee; Jerome J. Elrod,
Respondent-Appellee; Elizabeth Skahn, Defendant-Appellant).

First District (4th Division)   No. 85—2547

Opinion filed March 27, 1986.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin
R. Becker, Nathan B. Swerdlove, and Steven P. Garmisa, of counsel), for ap-
pellant.

Arnold J. Karzov, of Morgan and Karzov, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:
Elizabeth Skahn, defendant, brings this appeal from the trial
court's order denying her motion for reconsideration of that part of
the order declaring that she waived her statutory right to redeem the
mortgaged premises and ordering the sheriff to issue a deed at the
sheriff's sale of her property instead of a certificate of sale.
Defendant Skahn presents the following issues for review: (1)
whether the trial court abused its discretion in declaring that she had

waived her right of redemption and ordering the sheriff to issue a deed at the sheriff's sale instead of a certificate of sale and (2) whether her right of redemption is waiverable under section 2—604 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—604).

We reverse and remand.

On September 10, 1980, defendant and Kenneth Skahn, not a party to this action, conveyed two parcels of land to plaintiff, Albany Bank & Trust Company (Albany Bank), as trustee under trust No. 11—3955, to obtain a loan of $145,000. The Skahns were the beneficiaries of this land trust. As part of the loan transaction with the Skahns, Albany Bank, as trustee, executed a trust deed to secure the $145,000 loan which was made to the Skahns. The mortgagor under this trust deed was Albany Bank and the nominal mortgagee was the Chicago Title and Trust Company, as trustee.

On November 20, 1984, plaintiff filed a complaint to foreclose on defendant's mortgage, alleging that payment had not been made pursuant to the terms of the note. In its complaint, plaintiff prayed for the following relief: For the appointment of a receiver *pendente lite*; for the foreclosure of said judgment; for a personal deficiency judgment; for the appointment of a receiver after sale in the event of a deficiency; for the recovery of the reasonable costs and attorney fees incurred in those proceedings; for money judgment; and for such other and additional relief as equity may deem to be just and proper.

None of the original defendants appeared at the hearing and an order of default judgment was entered on March 25, 1985. The record indicates that the trial court in its default judgment granted the relief prayed for by plaintiff and further granted relief not prayed for in plaintiff's complaint. The relief granted but not prayed for in the complaint is a finding that defendants waived their right of redemption and a finding ordering the sheriff to issue a deed at the sheriff's sale instead of a certificate of sale.

The sheriff's sale was held on May 1, 1984, and the mortgage property was purchased by Jerome J. Elrod, respondent, who was issued a deed. On May 21, 1984, defendant Skahn filed a petition to set aside the deed conveying the property to Elrod. The court denied her motion. Defendant Skahn filed a motion for reconsideration on July 24, 1984, and also collaterally attacked as void the portions of the default judgment that granted plaintiff relief not specifically prayed for in its complaint. Defendant alleged that this was in violation of section 2—604 of the Code of Civil Procedure. The court denied her motion and she now appeals.

Section 2—604 of the Code of Civil Procedure (Ill. Rev. Stat.

1983, ch. 110, par. 2—604) provides:

> "Prayer for relief. Every complaint and counterclaim shall contain specific prayers for the relief to which the pleader deems himself or herself entitled except that in actions for injury to the person, no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed. *** Except in case of default, the prayer for relief does not limit the relief obtainable, but where other relief is sought the court shall, by proper orders, and upon terms that may be just, protect the adverse party against prejudice by reason of surprise. In case of default, if relief is sought, whether by amendment, counterclaim, or otherwise, beyond that prayed in the pleading to which the party is in default, notice shall be given the defaulted party as provided by rule."

Plaintiff contends that it complied with section 2—604. It argues that because it attached exhibits which referred to defendant's alleged waiver of her right of redemption, defendant had sufficient notice that the court would enforce the waiver clause and therefore order the sheriff to issue a deed at the sheriff's sale of the property. Plaintiff cites *Mineral Resources, Inc. v. Classic Coal Corp.* (1983), 115 Ill. App. 3d 114, 450 N.E.2d 379, to support its contention that defendant had sufficient notice of its intent to request the court to enforce defendant's alleged waiver of her right of redemption.

Plaintiff's reliance on *Mineral Resources, Inc. v. Classic Coal Corp.* is misplaced. The issue in that case did not involve a default judgment, as this case, and therefore is inapposite to the present case.

■ The law is well settled that the relief granted on a default will not exceed or substantially differ from that asked for in the complaint. (*Palatine Savings & Loan Association v. National Bank & Trust Co.* (1980), 80 Ill. App. 3d 437, 440, 399 N.E.2d 1015, 1017.) This right is protected by Supreme Court Rule 105 and section 34 of the Civil Practice Act, now codified as section 2—604 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—604), which provides that in case of default where relief is sought beyond that prayed for in the pleading, notice shall be given the defaulted party as provided by rule. (*Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.* (1966), 76 Ill. App. 2d 334, 345, 222 N.E.2d 49, 54.) That rule is Supreme Court Rule 105(a) (87 Ill. 2d R. 105(a)), which provides as follows:

> "Notice—Form and Contents. If new or additional relief,

whether by amendment, counterclaim, or otherwise, is sought against a party not entitled to notice under Rule 104, notice shall be given him as herein provided."

The notice requirements of Rule 105 are designed to prevent a litigant from obtaining new or additional relief without first giving the defaulted party a renewed opportunity to appear and defend. *Palatine Savings & Loan Association v. National Bank & Trust Co.* (1980), 80 Ill. App. 3d 437, 440, 399 N.E.2d 1015.

Plaintiff did not in the body or prayer of its complaint request the court to enforce defendant's alleged waiver of her right of redemption or request the court to order the sheriff to issue a deed at the sheriff's sale of her property instead of a certificate of sale. Plaintiff cites no cases nor did our research reveal any cases which hold that information contained in exhibits attached to a complaint constitutes sufficient notice of relief requested in the case of a default judgment. Thus, the trial court abused its discretion in granting plaintiff's relief not prayed for in its complaint. Consequently, that portion of the court's order, which found that defendant had waived her right of redemption and ordered the sheriff to issue a deed at the sheriff's sale of her property, is void. *Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110, 114, 328 N.E.2d 341, 344.

Because we conclude that the court erred as to the preceding issue, we need not discuss defendant's remaining issue.

For the foregoing reasons, the decision of the trial court is reversed and the cause is remanded with directions to vacate that portion of the order finding that defendant waived her right of redemption and its finding that ordered the sheriff to issue a deed at the sheriff's sale of her property, and to issue Elrod a certificate of sale and allow defendant the statutory period to redeem the property.

Reversed and remanded with directions.

LINN, P.J., and JIGANTI, J., concur.