JOHN PARRISH, Plaintiff-Appellant, v. GLEN ELLYN SAVINGS & LOAN ASSOCIATION, Defendant-Appellee.

Second District    No. 2—89—0480

Opinion filed January 30, 1990.

Allen S. Gerrard, of Gerrard & Gerrard, and Robert P. Sheridan, of Robert A. Clifford & Associates, both of Chicago, for appellant.

David I. Herbst and Jodi I. Firfer, both of Portes, Sharp, Herbst & Kravets, Ltd., of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:
Plaintiff, John Parrish, filed a complaint for declaratory judgment

in the circuit court of Du Page County pursuant to section 2—701 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—701) against defendant, Glen Ellyn Savings and Loan Association (Glen Ellyn), seeking to declare void a deficiency judgment previously entered by default against him. Both parties subsequently moved for summary judgment pursuant to section 2—1005 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005). The trial court denied Parrish's motion for summary judgment and entered judgment in favor of Glen Ellyn. Parrish appeals claiming that the judgment entered against him in the prior proceedings was void because it represented relief different from that requested in the complaint and because he was not given due notice of the new relief sought. We reverse and remand.

The transaction underlying the litigation between these parties took place on September 2, 1980, when Glen Ellyn loaned $150,000 to Glenview State Bank (Glenview), as trustee, pursuant to a note undertaken by Glenview. The note was also signed by Michael A. Penzato, who personally guaranteed payment of the note. To secure payment of the note, Glenview executed a mortgage on a parcel of real estate it owned as trustee under a trust designated No. 2118. Parrish was not a signatory of the note or the mortgage; however, in a separate document, he guaranteed "prompt payment when due and at all times thereafter of any and all existing and future indebtedness and liability of every kind, nature, and character" from Penzato to Glen Ellyn.

At some point, according to Glen Ellyn, payment on the note fell into arrears, and in May 1982 Glen Ellyn, as mortgagee, brought an action in the circuit court of Du Page County to foreclose on the mortgage. Count I of the foreclosure action named as defendants: Glenview; Penzato; Mark Lovejoy and Associates, Inc.; unknown beneficiaries of trust Nos. 2118 and 2669; unknown owners and nonrecord claimants; and Parrish. The prayer in count I asked:

"1. For foreclosure of said mortgage.

2. For a Judicial Sale of the security property.

3. For the appointment of a receiver after sale in the event of a deficiency.

4. For the appointment of a receiver pendente lite.

5. For a judicial determination of the rights, intents, and priorities of the respective parties.

6. For such other relief as in equity may be just."

Count II of the foreclosure action named only Penzato as a defendant and alleged that Penzato had personally guaranteed payment of the debt owed to Glen Ellyn. Count II prayed for a deficiency

judgment to be entered against Penzato, but it did not request that a deficiency judgment be entered against any other party.

Glen Ellyn's amended complaint was filed on August 2, 1982, and it added a third count to the foreclosure action seeking injunctive relief against Penzato and Parrish. The first paragraph of count III alleged that both Parrish and Penzato had personally guaranteed payment of the debt owed to Glen Ellyn. Paragraph four alleged:

"That, as a result of the diminution in the value of the real estate subject to the mortgage of [Glen Ellyn], it is highly probable that at any judicial sale the said real estate will be sold for [an] amount which is substantially less than the indebtedness due [Glen Ellyn] (and a deficiency judgment will be rendered against the guarantors on the aforesaid note)."

Paragraph eight alleged:

"That, based upon information and belief, both [Parrish and Penzato] are presently attempting to sell, mortgage, or otherwise encumber their aforesaid assets for the purpose of depriving [Glen Ellyn] of any recovery against them in the event that a deficiency judgment is rendered under either Count I or Count II hereof."

Count III concluded by praying for an injunction against Parrish and Penzato to prevent them from transferring or encumbering their assets.

An appearance was entered on behalf of Parrish on August 25, 1982. Parrish failed to file an answer to the complaint for foreclosure, and an order of default was entered against him on November 1, 1982. A judgment of foreclosure issued January 31, 1983. On May 11, 1983, an order approving the sheriff's sale was entered which provided for a deficiency judgment against Parrish and Penzato in the amount of $63,326.06. In August 1983, an alias citation to discover assets was served on Parrish, and, shortly thereafter, Parrish appeared in court with his attorney and was directed to produce certain documents. Glen Ellyn initiated garnishment proceedings and succeeded in obtaining approximately $35,000 from Parrish toward payment of the deficiency judgment.

On August 25, 1983, Parrish filed an action seeking specific performance from Glenview on an alleged agreement by Glenview to indemnify Parrish and hold him harmless as to the deficiency judgment. The record does not reveal the status of this complaint.

On September 24, 1987, Parrish filed the complaint for declaratory judgment which is the subject of this appeal. The complaint named Glen Ellyn as the defendant and asked the trial court to de-

clare void the deficiency judgment entered by default against Parrish in the prior proceedings. The motion alleged that Parrish was not a guarantor of the mortgage or the note. It further alleged that the foreclosure action did not pray for a deficiency judgment against him and that he was not given proper notice that such relief would be sought by Glen Ellyn.

Both parties, contending that no material facts were at issue, filed motions requesting that summary judgment be entered in their favor. The trial court denied Parrish's motion for summary judgment on February 28, 1989, and granted Glen Ellyn's motion on April 13, 1989. Parrish timely appeals from the order granting Glen Ellyn's motion for summary judgment.

■ A motion for summary judgment should be granted if the pleadings, depositions, admissions and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) The evidence is to be viewed in the light most favorable to the nonmovant in determining whether a genuine issue of material fact exists; if there are no such facts in dispute, inferences may be drawn from undisputed facts to determine if the movant is entitled to judgment as a matter of law. *Estate of Dompke v. Dompke* (1989), 186 Ill. App. 3d 930, 933.

At issue at bar is whether the complaint Glen Ellyn filed in the foreclosure action sufficiently alerted Parrish to the fact that a deficiency judgment would be sought against him. Supreme Court Rule 105 (107 Ill. 2d R. 105) requires that notice be given to a party in default if new relief, or relief greater than that originally requested, is sought. Here, Glen Ellyn does not contend that it gave Parrish the notice required by Supreme Court Rule 105. As a result, the only issue here is whether such notice was required or, in other words, whether the deficiency judgment entered against Parrish was new or additional relief as opposed to the relief originally sought in Glen Ellyn's complaint for foreclosure.

Parrish correctly notes that nowhere in the prayer or body of Glen Ellyn's complaint for foreclosure can there be found a request that a deficiency judgment be entered against Parrish. This court addressed similar circumstances in *Palatine Savings & Loan Association v. National Bank & Trust Co.* (1980), 80 Ill. App. 3d 437. There, a complaint for foreclosure prayed for a deficiency judgment to be entered "against such of the defendants as may be found personally liable." (*Palatine*, 80 Ill. App. 3d at 438.) We found that the complaint at issue in *Palatine* did not sufficiently specify that a deficiency judg-

ment would be sought against the defendant there, and, thus, notice was required pursuant to Supreme Court Rule 105 if such relief was to be awarded. *Palatine*, 80 Ill. App. 3d at 440.

Here, Glen Ellyn's complaint for foreclosure not only failed to specify Parrish as a party against whom a deficiency judgment would be sought, but it sought a deficiency judgment against a different party, Penzato. Such a complaint is at least as insufficient as that in *Palatine* and, indeed, possibly more so.

Glen Ellyn argues that *Palatine* is distinguishable from the case at bar and cites several factors which it claims should have put Parrish on notice that a deficiency judgment would be sought against him. First, Glen Ellyn notes that paragraph four of count III alleges that "it is *highly probable* that at any judicial sale the said real estate will be sold for [an] amount which is substantially less than the indebtedness due [Glen Ellyn] (and *a deficiency judgment will be rendered against the guarantors on the aforesaid note)."* (Emphasis added.) Glen Ellyn argues that unlike the complaint in *Palatine*, the complaint for foreclosure at issue here identified Parrish and Penzato as the "guarantors" of the note, and the guaranty executed by Parrish was attached and referenced as an exhibit.

■ A cursory examination of Parrish's guaranty, however, reveals that he did not guaranty payment of the note *per se*; instead, he guaranteed payment of obligations owed by Penzato to Glen Ellyn. Even if Penzato was primarily liable for the note, the same cannot be said of Parrish, and he cannot have been expected to anticipate that a deficiency judgment would be entered against him *in the foreclosure proceedings.* See *Farmer City State Bank v. Champaign National Bank* (1985), 138 Ill. App. 3d 847, 851; *Emerson v. La Salle National Bank* (1976), 40 Ill. App. 3d 794, 799 (indicating that a deficiency judgment may not be entered against a guarantor in foreclosure proceedings).

Second, Glen Ellyn claims that count III, which sought to enjoin Parrish from certain activities, should have alerted Parrish to the possibility that a deficiency judgment would be sought against him. Specifically, paragraph eight of count III alleged that Parrish and Penzato were attempting to encumber their assets "for the purpose of depriving [Glen Ellyn] of any recovery against them *in the event that a deficiency judgment is rendered under either Count I or Count II."* (Emphasis added.) Thus, according to Glen Ellyn, Parrish should have inferred that a deficiency judgment was being sought against him.

■ We do not accept Glen Ellyn's argument. Though it is not unreasonable for Glen Ellyn to expect Parrish to have thoroughly read

each count of the complaint, the result of this cross-referenced reading of the entire complaint would still not sufficiently alert Parrish to the fact that a deficiency judgment would be sought against him in the foreclosure proceedings. It is of little help to Glen Ellyn that count III of the complaint referred to the possible consequence of a deficiency judgment being granted under counts I or II because the complaint did not request a deficiency judgment against Parrish in either of those counts. The mere reference to an undefined deficiency judgment in count III does not create a request for a deficiency judgment against Parrish in counts I or II. Furthermore, Glen Ellyn's attempt to enjoin Parrish from encumbering his assets does not necessarily imply that a deficiency judgment was being sought against him in the foreclosure proceedings, as opposed to separate proceedings on the guaranty. See *Emerson*, 40 Ill. App. 3d at 799.

●4 Therefore, we conclude that Glen Ellyn's complaint in the foreclosure proceedings did not request that a deficiency judgment be entered against Parrish. In the context of a default judgment, such new or additional relief could only have been proper had Parrish been given the requisite notice pursuant to Supreme Court Rule 105. Since no such notice was given, the deficiency judgment entered against Parrish in the foreclosure proceeding was void. *Palatine*, 80 Ill. App. 3d at 440.

Glen Ellyn argues that, even if the deficiency judgment entered against Parrish was void, Parrish retroactively validated the prior order because he appeared in subsequent proceedings without contesting the validity of the deficiency judgment. In support of this argument, Glen Ellyn refers us to the jurisdictional doctrine of revesting as explained by our supreme court in *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46. Glen Ellyn does not cite any case, however, in which the doctrine of revesting has been applied retroactively to validate the entry of a void judgment. In any event, the doctrine of revesting would not validate a void order entered before revesting occurs. (*Spears v. Spears* (1977), 52 Ill. App. 3d 695, 700.) This issue is different from the question of whether Parrish could have waived recovery of any funds Glen Ellyn obtained through garnishment if Parrish appeared at the garnishment proceedings and did not question the validity of the deficiency judgment. The record does not reflect whether this is actually the case, and neither party addressed the issue at the trial court or on appeal; it was not necessary to do so in the context of Glen Ellyn's motion for summary judgment. Accordingly, we express no opinion as to the resolution of this question.

■ Finally, Glen Ellyn argues that Parrish cannot prevail here

because his complaint did not demonstrate that he exercised due diligence in resisting the foreclosure proceedings or that he has a meritorious defense thereto as required by section 2—1401 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). A judgment that is void, as opposed to voidable, may be attacked at any time, either directly or collaterally. (*People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 71.) Moreover, the restrictions of section 2—1401 do not apply to or affect the right to relief from a void order. (*DiNardo v. Lamela* (1989), 183 Ill. App. 3d 1098, 1101.) Accordingly, we reject Glen Ellyn's contention that Parrish's complaint for declaratory relief was insufficient because it did not comply with the requirements of section 2—1401.

We conclude that the deficiency judgment entered by default against Parrish in the foreclosure proceedings was void and, thus, reverse the trial court's order granting summary judgment in favor of Glen Ellyn and remand for further proceedings.

Reversed and remanded.

REINHARD and McLAREN, JJ., concur.