THE CITY OF DES PLAINES, Plaintiff-Appellee, *v.* SCIENTIFIC MACHINERY MOVERS, INCORPORATED, Defendant-Appellant.

(No. 55541;

First District—December 19, 1972.

Rudnick, Wolfe, Synderman & Foreman, of Chicago, (Jerome L. Fels, of counsel,) for appellant.

Robert J. Di Leonardi, of Des Plaines, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Scientific Machinery Movers, Inc. (hereinafter referred to as Scientific) is engaged in the business of trading in, receiving, moving, storing and installing heavy industrial machinery. The company has maintained its office and warehouse facilities at 517 Laurel Ave., Des Plaines, Illinois, since beginning operation in 1965.

The area in which the business is located was originally zoned C-2 for light commercial enterprises, and the business was a nonconforming use under this classification. In about 1967, however, the area was re-zoned by the city to R-5, a residential classification. Prior to the instant litigation, no action had ever been taken by the city to abate the nonconforming use.

On February 25, 1969, the City of Des Plaines filed a complaint in the Circuit Court of Cook County. Count I alleged use of the property in violation of the zoning ordinances of the city and prayed for a "penalty" judgment of $200 per day for the period of the nonconforming use and an injunction restraining Scientific from conducting business at its present location. Count II alleged that the conduct of the business constitutes a public nuisance to the extent that the outside of the building on the premises is used to store machinery, equipment, inoperative rolling stock

and junk. The city prayed for penalty fines of $200 for each violation involving junk and $150 for each additional nuisance offense.

After being served with a copy of this complaint, officials of the corporation consulted their regular attorney (hereinafter referred to as General Counsel). Since the case involved litigation, he recommended that an attorney experienced in the field be retained to handle the matter. A trial attorney (hereinafter referred to as Special Counsel) was contacted and he began negotiations with the city to settle the dispute.

The record before us indicates that during the period the negotiations were being conducted, Special Counsel requested and received several extensions of time within which to file an answer to the complaint. During the same period, both General and Special Counsel became aware that Scientific had purchased property outside of the City of Des Plaines which was zoned for heavy industrial activity. It is apparent that neither attorney undertook to discuss these proposed plans in detail with officers of the corporation. However, the information was conveyed to counsel for the city who indicated that movement of the business from the city could form the basis for an equitable out-of-court settlement, and an agreement was subsequently reached which was to be incorporated into a consent decree. The agreement provided that (1) Scientific was to remove all heavy industrial machinery, equipment and tangible personal property from the premises outside of the building, (2) a fence was to be erected around the premises, (3) Scientific would be allowed to keep rolling stock within the fence enclosure, (4) the parkway at the rear of the building was to be resodded, (5) the entire operation of the business within the City of Des Plaines was to cease completely not later than September 3, 1970 (about one year later), and (6) the city would agree to dismiss the lawsuit with prejudice and relinquish any right to fines, costs and penalties resulting from the alleged violations.

Verbal agreement to the above terms was reached by negotiation between counsel for the city, Special Counsel and, to a lesser extent, General Counsel, but was never reduced to the form of a signed document. Special Counsel later testified that he had understood counsel for the city to *imply* during the discussions that the term providing for cessation of all business in Des Plaines would not be enforced, but was merely a lever to force compliance with the remainder of the provisions.

Following this agreement, Special Counsel contacted officers of Scientific and communicated all of the terms of the proposed decree to them, except the provision for discontinuance of the business. Based upon the information received, verbal consent to the settlement was given. During this period, however, the extensions of time during which defendant would be allowed to answer expired and Scientific stood in default for

failure to file a responsive pleading. Subsequently, counsel for the city drafted a "Consent Decree," incorporating the agreed terms and including a statement indicating that the order was to be entered in default, and provided Special Counsel with a copy. No objection was made to its terms, and, after proper notice to all attorneys involved, the decree was entered by a magistrate of the Circuit Court on September 17, 1969. Special Counsel spoke to counsel for the city in the courthouse on that day but did not appear in court to enter any objections.

Special Counsel later advised Scientific by letter that a settlement had been reached, itemized the terms of the decree, but once again omitted any mention of the provision for the complete cessation of business within one year of the default.

Officers of Scientific later learned of the cessation of business provision and, on September 10, 1970, filed a petition under Section 72 of the Civil Practice Act to vacate the decree. After hearing evidence and argument for both sides, the court denied relief and petitioner now appeals from that decision.

In urging reversal, Scientific contends that (1) the magistrate who entered the decree was completely without jurisdiction to act in the case and therefore the decree is void and (2) the denial of the petitioner's motion to vacate the order was an abuse of discretion in that the relief granted went beyond that requested in the complaint, the order is a consent decree which lacked the actual consent of Scientific and the attorney acted without authority in agreeing to it and the decree is therefore void.

*OPINION*

Petitioner's initial contention is an attack on the jurisdiction of the magistrate. Article VI, par. 8 of the Illinois Constitution of 1870, which was in force at the time of this case, provided that: "The General Assembly shall limit or define the matters to be assigned to magistrates." Ill. Rev. Stat. 1969, ch. 37, pars. 621—29, contains "An Act to limit or define matters to be assigned to magistrates." Nowhere in that Act is there a provision which grants jurisdiction to a magistrate to enter the relief prayed for in the complaint filed by respondent. Consequently, petitioner contends that the magistrate completely lacked jurisdiction of the subject matter in the case and thus the decree was void.

■■ We disagree. Even though the case may have been improperly assigned, the magistrate in the case at bar had jurisdiction of the subject matter and the decree entered is not void. (*Coleman v. Scott*, 38 Ill.2d 387, 389, 231 N.E.2d 408.) Improper assignment is an error which can be waived.

Ill. Rev. Stat., ch. 37, par. 628, provides:

"All objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because rendered pursuant to improper assignment to a magistrate."

Petitioner argues, however, that the failure to object does not waive the defect in this case because there was never a "trial or hearing" as required by statute. Since no "trial or hearing" was held, petitioner has never been foreclosed from making a valid objection, even on appeal.

Petitioner bases his argument on the assumption that a formal "trial or hearing" is the only prerequisite to a valid waiver of the right to an assignment objection. This assumption ignores the second sentence of par. 628 which we believe is also applicable. Petitioner has here raised his jurisdictional objection by means of a motion pursuant to Section 72 of the Civil Practice Act. The attack is upon a decree purportedly entered without a formal adversary hearing. Since this decree is obviously an "order or judgment" within the meaning of par. 628, it is not void or subject to collateral attack "merely because rendered pursuant to improper assignment to a magistrate." Even assuming that no hearing or opportunity for hearing was provided which would satisfy the requirement for waiver, the second sentence of par. 628 forecloses petitioner's objection if this Section 72 motion is a collateral attack upon the decree entered in the zoning case.

■■ Section 72, Subsection (2) of the Civil Practice Act requires that: "(2) The petition must be filed in the same proceeding in which the order, judgment or decree was entered *but is not a continuation thereof.*" (Emphasis added.)

Therefore, the motion is not a continuation of the zoning action which culminated in the consent decree, but is a completely separate action, and, as such, it constitutes a collateral attack upon that decree. (*People v. O'Keefe*, 18 Ill.2d 386, 391, 164 N.E.2d 5; *Glenn v. People*, 9 Ill.2d 335, 137 N.E.2d 336). Since a collateral attack upon a judgment for the reason urged is specifically forbidden by par. 628, improper assignment may not now be raised. Therefore, we need not consider the question further.

■■ Petitioner next contends that the denial of its timely petition to vacate the consent decree constituted an abuse of the magistrate's discretion. Initially, we note that, although the decree *is* entitled "Consent Decree," the magistrate made some comments to the effect that the decree was in the nature of a default judgment. We are convinced from our review of the record, however, that the terms of the decree manifested a negotiated agreement between counsel for the City of Des

Plaines and Special and General Counsel for petitioner, and that the magistrate was aware of and entered the decree in approval of such agreement. Accordingly, our consideration of this issue is premised upon our conclusion that the decree entered was in fact a consent decree. It is petitioner's contention that, although the decree had the consent of its attorneys, the decree was nonetheless fatally defective because petitioner did not specifically consent to nor authorize its attorneys to accept the terms of the decree. Respondent counters that petitioner's Special Counsel, as agent of petitioner, possessed apparent or implied authority to enter into any reasonable settlement and to bind his principal by such action. Respondent also argues that, regardless of the attorney's right to compromise a matter on behalf of his client, the consent decree may not be collaterally attacked on the grounds of lack of consent, but that the petitioner's sole remedy is against its attorney.

Section 72 of the Civil Practice Act provides in pertinent part:

"(1) Relief from final orders, judgments and decrees, after 30 days from the entry thereof, may be had upon petition as provided in this section. Writs of error coram nobis and coram vobis, writs of audita querela, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for said relief heretofore available, either at law or in equity, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of order, judgment or decree from which relief is sought or of the proceedings in which it was entered. There shall be no distinction among actions at law, suits in equity and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable."

Before the enactment of this provision, consent decrees could be collaterally attacked only through bills of review and were specifically immune from challenges by appeal or writ of error. (*Sims v. Powell*, 390 Ill. 610, 62 N.E.2d 456). Thus, consent decrees could previously be vacated only upon a showing of (1) errors of law apparent on the face of the record, (2) newly discovered evidence, or (3) fraud in the procurement of the decree. (See Smith-Hurd Annotated, ch. 110, § 72, Joint Committee Comments). With the enactment of Section 72, however, timely challenges to consent decrees must be judged by the broad equitable considerations which govern all Section 72 petitions. (*Ellman v. De-Ruiter*, 412 Ill. 285, 106 N.E.2d 350; *People ex rel. Forbrich v. Forbrich*, 113 Ill.App.2d 249, 252 N.E.2d 21). The standard to be applied is well stated in *Park Avenue Lumber & Supply Co. v. Hofverberg*, 76 Ill.App.2d 334, 222 N.E.2d 49:

"The liberal construction of Section 72 was reaffirmed in *Elfman v. Evanston Bus Co.*, 27 Ill.2d 609, 190 N.E.2d 348, and the policy enunciated by the court there clearly establishes that the courts are *not strictly bound by precedent* in affording post-judgment relief, but rather may exercise their *equitable powers* to grant relief *where necessary to prevent injustice.* Whether or not the litigant is entitled to relief under Section 72 depends on all the circumstances attendant on the entry of the default judgment. *Many different factual situations would justify or, indeed, necessitate* the vacation of a decree or portion thereof." 76 Ill.App.2d 334, 347-48. (Emphasis added.)

Considerable discretion is vested in the court which hears the petition, and we will reverse only upon a clear showing of abuse of discretion. *Nagel v. Wagner*, 46 Ill.App.2d 2, 196 N.E.2d 728.

■■■ In the case at bar, we believe that the discretion of the court was substantially limited by the established rule of law that an attorney employed to defend a suit has no authority to compromise, to give up any right of his client, or to consent to judgment against his client without the express consent or authorization of that client. (*Town of Hutton v. Ingram*, 225 Ill.App. 97; *Fessler v. Weiss*, 349 Ill.App. 21, 107 N.E.2d 795). In the hearing on this petition, there was no dispute that the attorneys for petitioner did not obtain petitioner's consent to the terms of the decree which was entered. Under such circumstances, it was a clear abuse of discretion for the magistrate to refuse to vacate the decree. We reverse and remand for the vacature of the decree and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

SCHWARTZ and LEIGHTON, JJ., concur.