DWAYNE NOAKES, Plaintiff-Appellant, v. NATIONAL RAILROAD PASSENGER CORPORATION, Defendant-Appellee.

First District (2nd Division)   Nos. 1—99—1092, 1—99—1093 cons.

Opinion filed April 11, 2000.

Cooney & Conway, of Chicago (James E. Ocasek, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Diane I. Jennings, Susan K. Laing, and Leslie J. Rosen, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Dwayne Noakes sued National Railroad Passenger Corporation (Amtrak) under the Federal Employers' Liability Act (45 U.S.C. § 51 *et seq.* (1988)) (FELA). He later voluntarily dismissed the case, and then he tried to resurrect it in two different ways. He filed a new lawsuit, but the trial court dismissed it under the FELA statute of limitations. He then moved to vacate the voluntary dismissal, but the trial court denied the motion. He appealed from both decisions, and we consolidated the appeals.

Plaintiff began working for Amtrak in 1986. In 1993 he started to experience significant problems with his arms and hands. A doctor who treated him in May 1993 diagnosed his condition as carpal tunnel syndrome. Plaintiff underwent surgeries in August and September 1993 to relieve the condition. He filed his initial suit against Amtrak in December 1993. He returned to work for Amtrak in March 1994. Sometime thereafter he experienced new pains and numbness in several fingers, and he again sought medical treatment.

The court set the case for trial to begin in February 1998. Plaintiff moved for voluntary dismissal of the case, without requesting leave to later vacate the dismissal. On February 23, 1998, the court granted the voluntary dismissal.

In April 1998 plaintiff filed a new lawsuit against Amtrak. In the new complaint's first count he alleged that after he returned to work in March 1994 he suffered new injuries. In 1995 doctors diagnosed his condition as rotator cuff tendinitis and reinjury of the carpal tunnel. He charged Amtrak with new violations of the FELA. The second count of the new complaint repeated the allegations of the complaint he voluntarily dismissed, charging violations of the FELA before May 1993.

Amtrak moved to dismiss the second count with prejudice based on the FELA's statute of limitations. The court granted the motion

and expressly found no just reason to delay enforcement or appeal. Plaintiff filed a timely appeal from that order, and that appeal is docket number 1—99—1092.

Plaintiff also moved to vacate the voluntary dismissal of his original lawsuit. The trial court denied the motion and plaintiff again filed a notice of appeal, in docket number 1—99—1093.

For docket number 1—99—1092, we agree with the trial court's implicit finding that the dismissal of the second count finally disposed of a separate part of the lawsuit. Accordingly, we have jurisdiction pursuant to Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a); *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502-03, 687 N.E.2d 871 (1997).

On appeal, plaintiff contends that the FELA's statute of limitations does not bar the new lawsuit. The FELA provides that the plaintiff must commence an action within three years from its accrual. 45 U.S.C. § 56 (1988). Plaintiff did not file the new lawsuit until April 1998, although he knew of his cause of action against Amtrak by December 1993. He claims first that section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1998)) gives him the right to file the new lawsuit within one year of his voluntary dismissal of the original suit.

■ For cases arising under the FELA, the law of the forum governs procedural matters, but federal law controls all substantive rights. *Laird v. Illinois Central Gulf R.R. Co.*, 208 Ill. App. 3d 51, 68-69, 566 N.E.2d 944 (1991). The three-year limitations period in the FELA is " 'a condition of liability constituting a substantial part of the right created.' " *Huett v. Illinois Central Gulf R.R. Co.*, 268 Ill. App. 3d 494, 498, 644 N.E.2d 474 (1994), quoting *Herb v. Pitcairn*, 384 Ill. 237, 242, 51 N.E.2d 277 (1943). Hence, federal law controls the application of the limitations period. *Huett*, 268 Ill. App. 3d at 498.

In *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 13 L. Ed. 2d 941, 85 S. Ct. 1050 (1965), the trial court in Ohio dismissed an FELA lawsuit because of improper venue. The plaintiff immediately filed a new suit with proper venue, but the trial court dismissed it because he filed the new lawsuit more than three years after the cause of action accrued. The plaintiff argued on appeal that the Ohio saving statute, which permitted refiling within a year of the dismissal without prejudice, gave him the right to bring the new case. The Supreme Court rejected that argument, finding that "[t]he incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity." *Burnett*, 380 U.S. at 433, 13 L. Ed. 2d at 948, 85 S. Ct. at 1057. The Court explicitly listed the Illinois predecessor of section 13—217 as a saving statute

that could not operate to protect a plaintiff's right to refile an action after the three-year limitations period. *Burnett*, 380 U.S. at 431 n.9, 13 L. Ed. 2d at 947 n.9, 85 S. Ct. at 1056 n.9. *Burnett* constrains us to hold that section 13—217 cannot protect plaintiff's cause of action under the FELA.

But in *Burnett* the Court held that "the FELA limitation period is not totally inflexible, but, under appropriate circumstances, it may be extended beyond three years." *Burnett*, 380 U.S. at 427, 13 L. Ed. 2d at 944-45, 85 S. Ct. at 1054. The court listed several circumstances that warranted equitable tolling of the limitations period and concluded that, when the "plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." *Burnett*, 380 U.S. at 435, 13 L. Ed. 2d at 949, 85 S. Ct. at 1058. The Court reversed the Ohio court's dismissal and remanded for the case to proceed on it merits.

■ Plaintiff here argues that in this case appropriate circumstances, within the meaning of *Burnett*, warrant tolling the limitations period during the pendency of his original complaint. See *Huett*, 268 Ill. App. 3d at 500 (Goldenhersh, J., dissenting).

> "Tolling of a statute of limitations is a question of legislative intent. [Citation.] In order to determine legislative intent, a court 'must examine the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme developed for the enforcement of the rights given by the Act.' [Citation.] Equitable tolling may be appropriate if defendant has actively misled plaintiff; plaintiff ' "in some extraordinary way" ' has been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum. [Citation.] Equitable tolling principles must be applied with caution." *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 1052, 675 N.E.2d 210 (1996).

Here, defendant did not mislead plaintiff, plaintiff did not mistakenly assert his rights in the wrong forum, and no extraordinary circumstance prevented plaintiff from asserting his rights, as he timely filed his original complaint in a forum with jurisdiction to award him relief.

Plaintiff asks us to create a new grounds for equitable tolling to achieve the FELA's remedial purpose. He says he dismissed his original lawsuit because he wanted to assert claims for injuries he suffered after he returned to work in March 1994. But *Burnett* established important aspects of procedure for FELA claims long before plaintiff brought his claim, and that case informed plaintiff that he could not rely on the Illinois saving statute to reassert his claim. Plaintiff never

sought leave to amend his complaint to add the later claims. Apparently, plaintiff made a tactical decision to dismiss his complaint without fully recognizing the consequences. We find that plaintiff has not shown circumstances warranting equitable tolling of the limitations period. Therefore, in docket number 1—99—1092 we affirm the court's decision to dismiss the second count of the new complaint because the limitations period for that claim had expired.

Docket number 1—99—1093 presents an odd jurisdictional problem that the parties did not raise. Illinois courts have held that a voluntary dismissal is a final and appealable order. *Swisher v. Duffy*, 117 Ill. 2d 376, 379, 512 N.E.2d 1207 (1987). Plaintiff did not appeal from the voluntary dismissal; instead, he appealed from the court's denial of his motion to vacate the voluntary dismissal. In *City of Palos Heights v. Village of Worth*, 29 Ill. App. 3d 746, 750, 331 N.E.2d 190 (1975), the court held the defendant correctly appealed from the voluntary dismissal, and not from a subsequent order denying defendant's motion to vacate part of the voluntary dismissal order.

Our supreme court explained the rule permitting appeals from voluntary dismissals in *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 472 N.E.2d 787 (1984). In that case the plaintiff moved for voluntary dismissal on the day set for trial, after the court decided pretrial motions. The trial court granted the motion over the defendant's objection that the plaintiff's motion came too late. Our supreme court first considered whether it had jurisdiction over the defendant's appeal:

> "[W]here, as here, the plaintiff has voluntarily dismissed his case, it is the defendant who may be prejudiced. ***
>
> This order cannot be appealed by the plaintiff since he requested the order, and *** he is protected from prejudice by the *** right to refile the case within one year of a voluntary dismissal without prejudice [citation]. *** As to the defendants, however, the situation is different. The defendants' rights may have been prejudiced by the plaintiff's voluntary dismissal, but the defendants have no recourse unless they can appeal. If there is no review of the case, no court will be able to determine whether the trial judge correctly decided that trial or hearing had not begun and therefore correctly entered an order dismissing the case without prejudice. Although the plaintiff has refiled his case in Cook County, the new case is a separate cause of action. The new circuit judge has no jurisdiction to review the propriety of the dismissal of the earlier case by another circuit judge." *Kahle*, 104 Ill. 2d at 305-06.

■ Thus, a voluntary dismissal is a final order from which a defendant may appeal. But the court in *Kahle* explicitly held that the plaintiff has no right to appeal from a voluntary dismissal. The court has not finally decided his rights until it denies his request to refile or

otherwise reopen his case. Here, the court finally decided plaintiff's rights only by denying the motion to vacate the voluntary dismissal. Following the reasoning of *Kahle*, we find that a voluntary dismissal qualifies as a final and appealable order only with respect to the defendant, who must timely appeal or lose his right to challenge any error in allowing the dismissal. But the plaintiff faces no final and appealable order until the court denies his motion to vacate or otherwise reopen his case. Therefore, we have jurisdiction under Supreme Court Rules 301 and 303 (155 Ill. 2d Rs. 301, 303) to consider the appeal in docket number 1—99—1093.

■ At least since 1916, Illinois law has provided:

"In case of a voluntary nonsuit upon motion of a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside. [Citations.] The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew." *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541, 543, 112 N.E. 350 (1916).

Plaintiff contends that our supreme court recently abrogated the rule and implicitly overruled *Weisguth* with the decision in *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 693 N.E.2d 338 (1998). In that case the court dismissed a case for want of prosecution, and nearly two years later the plaintiffs filed a motion for relief from a final judgment, seeking reinstatement of the case. The trial court granted the petition. Our supreme court found that the dismissal became final one year after the trial court entered it, and therefore the plaintiffs correctly moved for relief from a final judgment. *S.C. Vaughan*, 181 Ill. 2d at 506-07. Plaintiff asserts that *S.C. Vaughan* overrules *Weisguth* because it shows the trial court retains jurisdiction to vacate its dismissal for a year after it enters the dismissal.

In *Weisguth* the plaintiff voluntarily dismissed her case and later moved to vacate the dismissal. The trial court granted the motion and later entered judgment for the plaintiff on the jury's verdict. Our supreme court held that the plaintiff had no right to reinstatement because she did not reserve that right when she voluntarily dismissed her lawsuit. However, the court affirmed the trial court's judgment. The court said the defendant

"forfeited its right to complain of [the reinstatement] ***. 'The

court unquestionably had jurisdiction of the subject matter of litigation, and it has never been questioned that parties may so far control jurisdiction over their own persons, in such a case, as to confer upon the court the right to proceed by voluntarily entering an appearance.' " *Weisguth*, 272 Ill. at 543, quoting *Herrington v. McCollum*, 73 Ill. 476, 479 (1874).

■ Insofar as *S.C. Vaughan* shows that the trial court retains subject matter jurisdiction to vacate a voluntary dismissal, it reaffirms the holding of *Weisguth*. The court's continuing jurisdiction over the subject matter does not affect the finality of the voluntary dismissal, and it does not change the rule concerning the proper action to take when a defendant objects to a motion to vacate a voluntary dismissal. See *Johnson v. United National Industries, Inc.*, 126 Ill. App. 3d 181, 466 N.E.2d 1177 (1984). Here, the plaintiff did not seek leave to vacate when he moved for voluntary dismissal, and the order granting his motion does not grant leave to reinstate. When defendant timely objected to the motion to vacate the dismissal, the trial court correctly denied the motion, following applicable precedent.

Under the explicit ruling in *Burnett*, section 13—217 cannot save plaintiff's cause of action under the FELA. Plaintiff failed to show appropriate circumstances for equitable tolling of the FELA's statute of limitations. And the trial court correctly denied the motion to vacate the voluntary dismissal because plaintiff did not reserve the right to reinstate the case. Therefore, the judgments of the trial court are affirmed.

Affirmed.

GORDON and McBRIDE, JJ., concur.