THE DEPARTMENT OF PUBLIC AID *ex rel.* CONNIE S. HOWARD
Petitioner-Appellee, v. TODD R. GRAHAM, Respondent-Appellant.

Third District    No. 3—01—0229

Opinion filed March 5, 2002.

HOLDRIDGE, J., dissenting.

Joan C. Scott (argued), of Ewing & Scott, of Lewistown, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Diane M. Potts (argued), Assistant Attorney General, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Petitioner Department of Public Aid (Department) filed this child support action against respondent Todd Graham based on Todd's voluntary acknowledgment of paternity of Jonathen Graham. Claiming that the acknowledgment was induced by fraud and material mistake of fact, Todd challenged his paternity. The trial court determined that Todd's acknowledgment was conclusive as to paternity, granted the Department's motion for summary judgment as to the issue of parentage, and ordered Todd to pay child support. Todd appealed. We affirm and hold that a presumed father who failed to rescind his voluntary acknowledgment of paternity within the 60 days required by the Illinois Parentage Act of 1984 (Parentage Act) (750 ILCS 45/5(b) (West 2000)) can challenge paternity only by seeking postjudgment relief pursuant to section 2—1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2—1401 (West 2000)).

## FACTS

Jonathen was born to Connie Howard on December 4, 1996. Todd, who was not married to Connie, signed a voluntary acknowledgment of paternity at the hospital the day after Jonathen's birth. The acknowledgment stated that Jonathen was Todd's biological son and included waivers of the right to request DNA testing and to challenge paternity.

In May of 2000, the Department filed a complaint against Todd requesting child support and health insurance for Jonathen. Todd sent a rescission of his voluntary acknowledgment of paternity to the Department and the court. In response, the Department sent Todd a letter stating that the rescission was invalid because it did not meet the statutory deadline and advising him that he could challenge the acknowledgment in court on the basis of fraud, duress or material mistake of fact. Todd answered the complaint and alleged that the acknowledgment was executed based on fraud and material mistake of fact.

Several months later, Todd requested that the court order DNA testing to determine Jonathen's paternity. In support of the request, Todd provided affidavits of three persons which related that Connie had admitted to them that Todd was not Jonathen's father. The Department moved for summary judgment on the issue of Todd's par-

entage. In response, Todd submitted an affidavit stating that he has a disease which gives him only a small probability of fathering a child, that Connie knew of his diagnosis, and that she misrepresented to him that Jonathen was a "miracle baby." Todd also submitted a transcript of a different court proceeding in which Connie testified under oath that a man other than Todd was the father of Jonathen and of her two other children.

After a hearing, the trial court issued a written opinion granting the Department's motion for summary judgment and finding that there was "no genuine issue of material fact as to the paternity of the child." As a result, the court ordered Todd to pay child support, child support arrearages, and health insurance for Jonathen. Todd appealed, and we affirm for the following reasons.

## ANALYSIS

■ At issue in this case is the proper procedural means by which a presumed father may challenge a voluntary acknowledgment of paternity. This court reviews a grant of summary judgment and questions of statutory construction *de novo. Outboard Marine Corp. v. Liberty Mutual Insurance Co.,* 154 Ill. 2d 90, 607 N.E.2d 1204 (1992) (summary judgment); *Yang v. City of Chicago,* 195 Ill. 2d 96, 745 N.E.2d 541 (2001) (statutory construction).

While Todd argues that he properly challenged his acknowledgment of paternity by raising his challenge in a proceeding to establish child support, the Department argues that the challenge must be raised as a motion under section 2—1401 of the Civil Code (735 ILCS 5/2—1401 (West 2000)). We agree with the Department.

■ The Parentage Act establishes a presumption of paternity where the alleged father and the mother have signed an acknowledgment of parentage. See 750 ILCS 45/5(a)(4) (West 2000). Under the Parentage Act, the presumption is considered conclusive unless the acknowledgment is rescinded within 60 days of its execution or of the date of a proceeding regarding the child to which the signatory is a party, whichever is earlier. 750 ILCS 45/5(b) (West 2000). The voluntary acknowledgment has the full force and effect of a judgment and provides a basis for seeking child support without further proceedings to establish paternity. 750 ILCS 45/6(b) (West 2000). Pursuant to the Parentage Act, after an acknowledgment becomes conclusive, ratification of paternity in a judicial proceeding is neither required *nor permitted.* 750 ILCS 45/6(c) (West 2000). After the 60-day deadline for rescission has passed, a presumed father may only challenge the acknowledgment in the limited circumstances where he alleges fraud, duress, or material mistake of fact. 750 ILCS 45/6(d) (West 2000).

■ Section 2—1401 of the Civil Code, which governs the method whereby relief from judgment is sought more than 30 days after entry of the judgment, specifically references the Parentage Act. See 735 ILCS 5/2—1401 (West 2000). Section 2—1401 (735 ILCS 5/2—1401 (West 2000)) provides that in order for a father to pursue relief from a judgment of paternity, he is limited to the grounds established in section 6(d) of the Parentage Act, *e.g.*, fraud, duress, or material mistake of fact. 750 ILCS 45/6(d) (West 2000).

■ Based on our reading of the Civil Code and the Parentage Act, we conclude that a presumed father who signed a voluntary acknowledgment of paternity but failed to rescind the acknowledgment within the statutory period cannot challenge paternity in a subsequent child support action. If the father wishes to challenge his acknowledgment of paternity on the limited grounds of fraud, duress, or material mistake of fact, the father must file a motion under section 2—1401 of the Civil Code in a separate proceeding. See 750 ILCS 45/6(d) (West 2000); 735 ILCS 5/2—1401 (West 2000).

■ Although Todd argues that he properly challenged paternity, he failed to rescind the acknowledgment within 60 days. Thus, we hold that the acknowledgment became conclusive with the full force and effect of a judgment. Todd's recourse was to file a section 2—1401 motion.

Under ordinary circumstances Todd would now be precluded from challenging his acknowledgment of paternity because he failed to properly file a section 2—1401 motion within the applicable two-year statute of limitations. However, Todd argues that the trial court's order granting summary judgement creates the appearance that it made a judgment on the issue of paternity when it stated that "there is no genuine issue of material fact as to the paternity of the child." We agree that Todd could reasonably presume from this language that he was foreclosed from pursuing further action other than an appeal. In light of these extraordinary circumstances and for the purposes of this case only, we hold that the statute of limitations shall be equitably tolled from the date of the trial court's summary judgment order. See *Noakes v. National R.R. Passenger Corp.*, 312 Ill. App. 3d 965, 729 N.E.2d 59 (2000) (noting that the principle of equitable tolling is appropriate in situations where a party has been, in some extraordinary way, prevented from asserting his rights).

The issue of whether the limitations period may be further tolled during the period that Todd claims that Jonathen's paternity was fraudulently concealed from him is not before this court. If Todd chooses to challenge paternity, he may raise that issue in the trial court.

For the foregoing reasons, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

McDADE, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. At issue is whether the respondent in an action by the Department of Public Aid may challenge his signed acknowledgment of paternity based upon fraud or material mistake of fact. The majority holds that a respondent may not raise those defenses in the child support action, but must instead file a motion under section 2—1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2—1401 (West 2000)). I believe that a plain reading of section 6 of the Parentage Act (Parentage Act) (750 ILCS 45/6 (West 2000)) and section 2—1401 of the Code provide otherwise.

Section 6(b) of the Parentage Act provides that a voluntary acknowledgment of paternity, signed by the respondent, "has the full force and effect of a judgment entered under this Act *and serves as a basis for seeking a child support order without any further proceedings to establish paternity.*" (Emphasis added.) 750 ILCS 45/6(b) (West 2000). Section 6(c) of the Parentage Act provides that a judicial proceeding to ratify the voluntary acknowledgment is neither required nor permitted. 750 ILCS 45/6(c) (West 2000). Thus, the Parentage Act clearly anticipates that a petition for child support could be the initial pleading in an action in the circuit court.

Section 6(d) of the Parentage Act then provides that the voluntary acknowledgment "may be challenged *in court* only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenging party." (Emphasis added.) 750 ILCS 45/6(d) (West 2000). A plain reading of the Parentage Act reveals no requirement that a voluntary acknowledgment of paternity may be challenged in court, but only by filing a motion for relief from judgment pursuant to section 2—1401 of the Civil Code. Rather, the Parentage Act clearly provides that when the voluntary acknowledgment is raised in a proceeding in court, it may be challenged, *but* "only on the basis of fraud, duress, or material mistake of fact." 750 ILCS 45/6(d) (West 2000).

Likewise, a plain reading of section 2—1401 of the Civil Code indicates that a challenge to a voluntary acknowledgment of paternity is an exception to the provisions of section 2—1401, which provides: "Except as provided in Section 6 of the Illinois Parentage Act of 1984,

there shall be no distinction between actions and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable." 735 ILCS 5/2—1401 (West 2000).

I also note that this court, albeit in *dicta*, seemed to indicate that a respondent similarly situated to the one herein could raise the defenses of fraud, duress, or material mistake of fact in a response to a Department of Public Aid petition for child support. In *Department of Public Aid ex rel. Allen v. Dixson*, 323 Ill. App. 3d 600, 602 (2001), this court stated, "[f]urthermore, subsection 6(d) provides that Dixson cannot challenge his voluntary acknowledgment of paternity except on the basis of fraud, duress, or material mistake of fact. There is no indication in the record that he alleged any of these circumstances before the trial court."

Finally, I note a practical matter that renders the majority's analysis highly problematic. The majority, noting that after 60 days a voluntary acknowledgment has the full force and effect of a judgment, concluded that a person who wishes to challenge his voluntary acknowledgment must do so by filing a motion under section 2—1401(b). However, filing such a motion would have been impossible for the respondent in this matter and for any other respondent similarly situated. Section 2—1401(b) of the Civil Code provides that a petition for relief from judgment under that section "*must* be filed in the same *proceeding* in which the order or judgment was *entered*." (Emphasis added.) 735 ILCS 5/2—1401(b) (West 2000). It is well settled that a section 2—1401 petition arises out of the same proceeding in which the order or judgment that it is directed to was entered. *Burchett v. Goncher*, 235 Ill. App. 3d 1091, 1098 (1991); *City of Des Plaines v. Scientific Machinery Movers, Inc.*, 9 Ill. App. 3d 438, 442 (1972). Here, there was no prior proceeding, nor had a prior order or judgment ever been *entered*. Simply put, Graham would not have been able to file a motion for relief from judgment under section 2—1401 because no judgment existed from which to seek relief.

For the foregoing reasons, I believe that the statutory framework establishing the force and effect of voluntary acknowledgments of paternity, and the procedural methods for challenging them, are to be found exclusively within the Parentage Act. I dissent on that basis.