785 N.E.2d 928 (2003)
337 Ill. App.3d 510
271 Ill.Dec. 734
Terry R. KULHAVY, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN SANTA FE RAILROAD, Defendant-Appellee.
No. 1-02-1973.
Appellate Court of Illinois, First District, Sixth Division.
February 7, 2003.
*929 Law Offices of Frederic W. Nessler, Springfield (Jack D. Davis, of counsel), for Appellant.
Kenneth J. Wysoglad & Associates, Chicago (John Newell, Kenneth J. Wysoglad, Michael L. Sazdanoff and Robert J. Prendergast, of counsel), for Appellee.
Justice FROSSARD delivered the opinion of the court:
Plaintiff Terry R. Kulhavy filed a complaint against defendant Burlington Northern Santa Fe Railroad[1] (BNSF) alleging that he sustained injuries in the course of his employment. When plaintiff and his counsel failed to appear for a case management conference, the circuit court, on its own motion, dismissed the case for want of prosecution. Plaintiff thereafter filed a petition for relief from judgment, which was denied by the circuit court. On appeal, plaintiff contends that the circuit court erred in not vacating its dismissal of the case. We affirm.

BACKGROUND
On May 24, 2000, pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 et seq. (1994)), plaintiff filed a complaint against BNSF for injuries he allegedly sustained while employed by BNSF as a traveling machinist/mechanic. A case management conference was scheduled for November 21, 2000. When plaintiff and his counsel failed to appear on that date, the circuit court, on its own motion, dismissed the case for want of prosecution. The next day, BNSF's attorney mailed a copy of the court's order to plaintiff's attorney, Jeffrey S. Cooper, at the Law Offices of Frederic W. Nessler.
On December 20, 2000, another attorney in Nessler's office, Keith A. Jensen, filed a motion on plaintiff's behalf titled "Motion to Reinstate." The motion alleged that plaintiff had not received notice of the case management conference, that BNSF would not be unduly prejudiced by reinstatement of the case, and that if the case were not reinstated, plaintiff would be denied all rights in the ability to recover for damages he received. The motion did not reference any legal authority such as the Code of Civil Procedure or a supreme court rule, and the required filing fee of $75 was not attached. Plaintiff's motion was noticed for hearing on December 28, 2000. Plaintiff did not appear at the scheduled hearing.
On February 21, 2001, plaintiff, via Jensen, filed another motion titled "Motion to Reinstate," identical to the previous motion. The $75 filing fee was paid, and the motion was noticed for hearing on March 7, 2001. Plaintiff did not appear at that hearing. According to plaintiff's brief, the hearing was continued to April 11, 2001. An affidavit executed by Jensen indicates that this motion to reinstate was withdrawn on March 12, 2001.
On March 27 or 28, 2001, plaintiff filed a "Petition for Relief from Judgment" under section 2-1401 of the Code of Civil Procedure *930 (735 ILCS 5/2-1401 (West 2000)), on the basis that plaintiff never received notice of the case management conference. Jensen drafted the petition, but Edward Proctor of the firm Munday & Nathan signed the notice of motion. The petition alleged that plaintiff exercised due diligence in attempting to have the order of dismissal set aside, as evidenced by his filing of a motion to reinstate on February 21, 2001. Attached to the petition was an affidavit, executed by Jensen, in which Jensen related a series of events that occurred after the circuit court dismissed the case for want of prosecution on November 21, 2000:
"In December 2000, attorney Cooper accepted employment with at different firm. On December 6, 2000, [the] Nessler office was advised, via fax from attorney Jeffrey Cooper, that the Court had dismissed the action. This is the first notice of the dismissal. At that time it was undetermined whether representation was to continue by attorney Cooper's new firm or to remain with the Nessler office."
Jensen further related that once the issue of representation was resolved, he filed a motion to reinstate on February 21, 2001. The section 2-1401 petition was noticed for a hearing on April 11, 2001. BNSF filed a written response to plaintiff's section 2-1401 petition and moved to strike. Plaintiff filed a reply.
On April 11, 2001, both parties appeared in court. Plaintiff was represented by Edward Proctor of the firm Munday & Nathan, which appeared for Nessler's office. The circuit court continued the case for hearing on the section 2-1401 petition on April 27, 2001.
On April 20, 2001, plaintiff filed an amended section 2-1401 petition. The amended petition was drafted by Jensen, but the notice of filing was signed by Proctor. The amended petition set forth the allegations of the complaint, asserted that the complaint alleged a meritorious cause of action, summarized BNSF's answer to the complaint, alleged that plaintiff had not received notice of the case management conference, and asserted that plaintiff exercised due diligence in prosecuting the action and attempting to have the order of dismissal set aside, as evidenced by the February 21, 2001, filing of the motion to reinstate. An affidavit executed by Jensen was attached to the amended motion. The affidavit was identical in substance to the affidavit attached to the original section 2-1401 petition. On April 27, 2001, Proctor noticed the amended section 2-1401 petition for hearing on May 23, 2001.
On May 23, 2001, Proctor appeared before the court and the circuit court issued an order giving plaintiff leave to file an amended affidavit on or before June 22, 2001. The affidavit was to address diligence from the date of filing the complaint, the merits of the claim, and diligence from the date of the dismissal. The order stated that the "motion to reinstate" was continued to June 28, 2001. Plaintiff thereafter filed Jensen's amended affidavit, in which Jensen outlined the details of the case's procedural history, and BNSF filed a reply. Proctor signed the notice of filing of the amended affidavit. On July 12, 2001, Proctor noticed the "motion to/for reinstate" for hearing on August 9, 2001. In August 2001, Nessler's secretary telephoned BNSF's counsel to relate that Nessler was on trial that month and the hearing would not go ahead.
Approximately seven months later, on March 14, 2002, plaintiff, represented by Proctor, who again appeared for Nessler's office, re-noticed the "motion to reinstate" for hearing. Following a hearing on June 11, 2002, the circuit court denied plaintiff's amended section 2-1401 petition. The circuit court stated that it had considered *931 BNSF's arguments that plaintiff had not been diligent, but that "the most telling reason" it was denying the petition was "that there is no possibility of the case going forward" because it was precluded by FELA's statute of limitations. The circuit court's order was self-executing on June 18, 2002.

ANALYSIS
Initially, we note that the appendix to plaintiff's brief does not contain a copy of the judgment appealed from, the notice of appeal, or a complete table of contents of the record on appeal, as required by Supreme Court Rule 342(a). 155 Ill.2d R. 342(a). Adherence to Supreme Court Rule 342(a) is not an inconsequential matter. La Grange Memorial Hospital v. St. Paul Insurance Co., 317 Ill.App.3d 863, 876, 251 Ill.Dec. 191, 740 N.E.2d 21 (2000). Where an appellant's brief fails to comply with the rules, this court is within its authority to dismiss the appeal for noncompliance. LaGrange Memorial Hospital, 317 Ill.App.3d at 876, 251 Ill.Dec. 191, 740 N.E.2d 21. Although we elect to consider plaintiff's appeal on its merits, we stress that we could dismiss the appeal because of the omissions in the appendix. Piecuch v. Cook County Sheriff's Merit Board, 312 Ill.App.3d 78, 83, 244 Ill.Dec. 426, 726 N.E.2d 22 (2000).
On appeal, plaintiff contends that the circuit court erred in not vacating its dismissal of the case for want of prosecution. Specifically, plaintiff argues that the dismissal should have been vacated because he met the requirements of section 2-1301 of the Code of Civil Procedure (735 ILCS 5/2-1301 (West 2000)) pertaining to setting aside judgments. In the alternative, plaintiff argues that if the pertinent statutory authority in this case is section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2000)), then the circuit court erred in finding that he did not act with diligence.

I. Section 2-1301 Motion to Reinstate
Plaintiff asserts that the "details of the file" indicate that his section 2-1401 petition for relief from judgment was actually governed by section 2-1301. In support of his assertion that section 2-1301 was the proper authority, plaintiff notes that he initially filed for relief within 30 days of the dismissal of his action and set the matter for hearing within the 90-day time period set forth in Rule 2.3 of the circuit court of Cook County (Cook Co. Cir. Ct. R. 2.3 (eff. July 1, 1976)). Plaintiff contends that he met the requirements of section 2-1301 pertaining to setting aside judgments and that therefore, the circuit court should have granted the motion.
We reject plaintiff's arguments. The record reflects that plaintiff's case was dismissed for want of prosecution on November 21, 2000. Plaintiff filed an initial "Motion to Reinstate" on December 20, 2000. However, plaintiff did not attach the required $75 filing fee or appear at the scheduled hearing on that motion. Two months later, on February 21, 2001, plaintiff filed another "Motion to Reinstate," this time accompanied by the requisite $75 filing fee. On March 12, 2001, the motion to reinstate was withdrawn, and plaintiff subsequently filed a "Petition for Relief from Judgment" in which he cited section 2-1401 and addressed diligence and the merits of the case. As Jensen noted in his amended affidavit:
"26. Edward Proctor of Munday & Nathan informed Mr. Nessler's office on March 12, 2001, that the Motion to Reinstate was the improper motion and it was withdrawn. At that time, Mr. Nessler's office was informed that a Petition to Vacate or Petition for Relief from Judgment was the proper motion.
27. On March 28, 2001, Munday & Nathan filed plaintiff's Petition for *932 Relief from Judgment and Affidavit and provided Notice of Motion for April 11, 2001."
In his amended affidavit, Jensen stated that the motion filed on December 20, 2000, was "improper," and that on February 21, 2001, he filed a "new" motion. We note that Jensen also stated in his affidavit that the "new filing represented a re-notice of the motion filed on December 20, 2000." As previously noted, Jensen, in his amended affidavit, characterized the motion filed on December 20, 2000, as "improper." Pursuant to section 2-1301(e), "[t]he court may * * * on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2000). Here, the "new" motion was filed on February 21, 2001, well after the 30-day filing deadline set forth in section 2-1301(e). Accordingly, the circuit court lacked jurisdiction to consider the "new" motion. Jones v. Unknown Heirs or Legatees of Fox, 313 Ill.App.3d 249, 252, 245 Ill.Dec. 800, 728 N.E.2d 1157 (2000).
Moreover, according to Jensen's amended affidavit, the motion to reinstate was withdrawn on March 12, 2001. Therefore, even if the "new" motion was not new, but was simply an amended version or a continuance of the original motion and thus filed within section 2-1301(e)'s 30-day deadline, we would still agree with the circuit court's judgment. The fact that the motion was withdrawn is determinative. The circuit court had no authority to consider, much less grant, a withdrawn motion.
Finally, we find that the "Petition for Relief from Judgment" filed in March 2001 was a new, separate petition, and not an amendment, correction, or continuance of either of the earlier motions to reinstate. As originally filed, the petition stated that it was presented "pursuant to 735 ILCS 5/2-1401," discussed plaintiff's diligence, and was accompanied by an affidavit. The amended petition added an assertion that plaintiff's complaint had alleged a meritorious cause of action, and the amended affidavit divided its detailed recitation of the case's history into sections titled "diligence," "merits," and "diligence after dismissal." Given these circumstances, it is clear that the "Petition for Relief from Judgment" was, in substance, a section 2-1401 petition. The character of a pleading is determined by its content. Sarkissian v. Chicago Board of Education, 201 Ill.2d 95, 102, 267 Ill.Dec. 58, 776 N.E.2d 195 (2002), citing Barnes v. Southern Ry. Co., 116 Ill.2d 236, 244, 107 Ill.Dec. 581, 507 N.E.2d 494 (1987). Here, not only was the pleading labeled a section 2-1401 petition, but its contents were presented in accordance with section 2-1401. See 735 ILCS 5/2-1401(b) (West 2000) (petition must be supported by affidavit or other appropriate showing as to matters not of record); Smith v. Airoom, Inc., 114 Ill.2d 209, 220-21, 102 Ill.Dec. 368, 499 N.E.2d 1381 (1986) (section 2-1401 petition must allege meritorious defense or claim, due diligence in presenting the defense or claim, and due diligence in filing the petition). Thus, the pleading's treatment by the circuit court as a section 2-1401 petition, as opposed to a section 2-1301 motion, was proper.

II. Section 2-1401 Petition for Relief from Judgment
Anticipating our determination that his most recent pleading was correctly treated as a section 2-1401 petition, plaintiff contends that the circuit court erred in denying the petition because he had met the requirements of section 2-1401. Plaintiff asserts that he was duly diligent in the original matter, was duly diligent in presenting the section 2-1401 petition, and presented a meritorious claim in the original *933 action. He argues that the circuit court erred in finding that he did not act with diligence.
Section 2-1401 pertains to motions to vacate judgments brought more than 30 days from entry of the judgment. Juszczyk v. Flores, 334 Ill.App.3d 122, 126, 267 Ill.Dec. 651, 777 N.E.2d 454 (2002). The purpose of a section 2-1401 petition is to bring before the circuit court facts that were not known at the time of judgment but, if they had been known, would have prevented entry of the judgment. Juszczyk, 334 Ill.App.3d at 126, 267 Ill.Dec. 651, 777 N.E.2d 454. In order to obtain relief under section 2-1401, a petitioner must show by a preponderance of the evidence: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim; and (3) due diligence in filing the section 2-1401 petition. Smith, 114 Ill.2d at 220-21, 102 Ill.Dec. 368, 499 N.E.2d 1381. The decision whether to grant or deny a section 2-1401 petition is within the sound discretion of the circuit court and will not be reversed absent an abuse of that discretion. Smith, 114 Ill.2d at 221, 102 Ill.Dec. 368, 499 N.E.2d 1381.
We conclude that the circuit court did not abuse its discretion in denying plaintiff's section 2-1401 petition. FELA, under which plaintiff sued BNSF, provides a three-year statute of limitations from the day the cause of action accrued within which a plaintiff may commence an action. 45 U.S.C. § 56 (1994). In his complaint, plaintiff alleged that he had been injured on and before June 4, 1997. June 4, 2000, was a Sunday; therefore, plaintiff was required to file any action based on the injuries at issue by June 5, 2000.
The filing of a section 2-1401 petition is considered a new proceeding, not a continuation of the old one. 735 ILCS 5/2-1401(b) (West 2000); Sarkissian, 201 Ill.2d at 102, 267 Ill.Dec. 58, 776 N.E.2d 195. Here, plaintiff filed his section 2-1401 petition in March of 2001, nine months after FELA's statute of limitations expired. Plaintiff's underlying FELA action was precluded by the statute of limitations. Therefore, the circuit court properly denied the section 2-1401 petition.
Regarding the determinative effect of FELA's statute of limitations, we find instructive Noakes v. National R.R. Passenger Corp., 312 Ill.App.3d 965, 246 Ill.Dec. 59, 729 N.E.2d 59 (2000). In Noakes, the plaintiff sued his employer under FELA, but then voluntarily dismissed the case. He later attempted to resurrect his case by filing a new lawsuit, which the circuit court dismissed under FELA's statute of limitations. Noakes, 312 Ill.App.3d at 966, 246 Ill.Dec. 59, 729 N.E.2d 59. On appeal, the plaintiff contended that the statute of limitations did not bar the new lawsuit because section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1998)) gave him the right to file the new lawsuit within one year of his voluntary dismissal of the original suit. Noakes, 312 Ill.App.3d at 967, 246 Ill.Dec. 59, 729 N.E.2d 59.
Noting that federal law controls all substantive rights in cases arising under FELA, the Noakes court looked to Burnett v. New York Central R.R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), regarding application of the limitations period. In Burnett, the United States Supreme Court held that state "saving statutes" could not operate to protect a plaintiff's right to refile an action after the expiration of FELA's three-year limitations period. Burnett, 380 U.S. at 431 n. 9, 433, 85 S.Ct. at 1056 n. 9, 1057, 13 L.Ed.2d at 947 n. 9, 948, cited in Noakes, 312 Ill.App.3d at 967-68, 246 Ill.Dec. 59, 729 N.E.2d 59. The Supreme Court explained that the "incorporation of variant state saving statutes would defeat the aim of a *934 federal limitation provision designed to produce national uniformity." Burnett, 380 U.S. at 433, 85 S.Ct. at 1057, 13 L.Ed.2d at 948, quoted in Noakes, 312 Ill.App.3d at 967, 246 Ill.Dec. 59, 729 N.E.2d 59. Following Burnett, the Noakes court affirmed the dismissal of the new lawsuit, holding that section 13-217 could not save the plaintiff's cause of action under FELA. Noakes, 312 Ill.App.3d at 971, 246 Ill.Dec. 59, 729 N.E.2d 59.
Section 2-1401 serves the same "saving" function as section 13-217. Accordingly, we are constrained by the holdings of Burnett and Noakes. Under the holdings of those cases, section 2-1401 does not protect plaintiff's right to file a FELA suit against BNSF after the expiration of FELA's three-year limitations period. The experienced trial judge correctly applied the principles articulated in Noakes and properly denied plaintiff's section 2-1401 petition.
Given our determination that there was no abuse of discretion by the circuit court in denying plaintiff's section 2-1401 petition, we need not address plaintiff's arguments regarding diligence.

CONCLUSION
For the reasons previously discussed, we affirm the judgment of the circuit court.
Affirmed.
SHEILA M. O'BRIEN, P.J., and GALLAGHER, J., concur.
NOTES
[1] In its brief, defendant states that its correct name is Burlington Northern and Santa Fe Railway Company.