THE PEOPLE *ex rel.* BRONE MISELIS, Plaintiff-Appellee, *v.* THE HEALTH AND HOSPITALS GOVERNING COMMISSION *et al.*, Defendants-Appellants.

First District (1st Division)  No. 76-27

Opinion filed December 20, 1976.

Health & Hospitals Governing Commission, of Chicago (William P. Tuggle, Joan M. Picillo, Gail D. Hasbrouck, and Robert C. Samko, of counsel), for appellants.

John J. Muldoon, of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The plaintiff, Brone Miselis, commenced to work as a registered nurse at Cook County Hospital in June 1973, and was discharged in September 1973. A rule of the Health & Hospitals Governing Commission of Cook County ("the Governing Commission") which is responsible for the organization, supervision and management of Cook County Hospital, including employment and discharge of nurses provides as follows:

"All new employees will serve a *probationary period not to exceed*

*six months*. Termination of an employee during the probationary period may only be effected through consultation between the department head and the Personnel Department to determine that there is *just cause* for such action. When a probationary employee is discharged, *the employee shall be entitled to a hearing* with the supervisor and a representative of the Personnel Department." (Emphasis added.)

At 7:40 a.m. on September 5, 1973, the plaintiff was notified in writing of a "predisciplinary hearing" to be held the same morning at 11 a.m. and was also informed that the charge against her was her inability to perform the requirements of her job. The labor relations representative of the personnel department, the nursing coordinator, and the supervising nurse in the obstetrics and gynecology division, representing the Governing Commission, met on September 5, 1973, with plaintiff and two representatives of the Illinois Nurses Association who were present on behalf of plaintiff. Although affidavits filed by the Governing Commission characterize this meeting as a hearing, nothing in the record indicates what transpired at this meeting except that plaintiff was told she was to be discharged. On the same day, plaintiff received the following communication from the assistant divisional director of the obstetrics and gynecology division:

"Forwarded, pursuant to the requirements of the Merit System Of The Health and Hospitals Governing Commission Of Cook County, is the written charge which resulted in your termination.

"The specific charge against you was: Your inability to perform the requirements of your job.

"Pursuant to the above charge and as explained at the predisciplinary hearing held on September 5, 1973 with you and your representatives Ms. Vicki Perz and Ms. Clara Rice, you were terminated effective September 5, 1973."

Plaintiff, after a delay of a year, filed a mandamus action seeking an order directing the Governing Commission to reinstate her to the position she held on September 5, 1973.[1] The Governing Commission moved for summary judgment contending plaintiff had received the type of notice and hearing to which an employee serving a probationary period is entitled. Plaintiff's answer to the motion for summary judgment was that she had been employed as a registered nurse at Cook County Hospital

---

[1] Plaintiff's action for mandamus is not barred by the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, pars. 264-269). The Act, where applicable, constitutes the sole method of judicial review. However, the Act is not self-executing and applies only to those cases where it is adopted, by express reference, by the statute creating or conferring jurisdiction upon the administrative agency involved. (*People ex rel. Hillison v. Chicago, Burlington and Quincy R.R. Co.* (1961), 22 Ill. 2d 88, 92, 174 N.E.2d 175.) The County Hospitals Governing Commission Act (Ill. Rev. Stat. 1973, ch. 34, pars. 5011-5029) does not contain any such reference.

from September 21, 1958, until August 2, 1960, when she left because of health reasons, and that in view of this prior service she was not a probationary employee upon accepting employment at the hospital approximately 13 years later.

When the motion for summary judgment was presented, the attorney for the Governing Commission stated to the court that plaintiff had received an informal hearing and the circuit court judge replied, "There is no such thing as an informal hearing." He then denied the motion for summary judgment and ordered the cause remanded to the Governing Commission for hearing to determine if cause existed for plaintiff's discharge and directed that the hearing be held within 15 days. When no hearing was held by the Governing Commission for 7 months after the entry of that order, the circuit court, on plaintiff's petition, found that the Governing Commission had failed and refused to comply with the court order, held it in contempt and imposed a daily fine until the Governing Commission purged itself of its contempt.

The Governing Commission suggests that the only issue raised by its appeal is whether the circuit court erred in ordering that plaintiff be granted a termination hearing at which a record was made. The Governing Commission argues that because plaintiff was a probationary employee she was entitled only to a hearing with her supervisor and a representative of the personnel department and that it was not necessary that a transcript of the proceedings be preserved nor that any other procedure be followed. The plaintiff responds that her prior employment at the hospital from 1958 until 1960 gave her merit status and she, therefore, could be discharged only after a formal hearing required by the Act establishing the Hospital Governing Commission (Ill. Rev. Stat. 1973, ch. 34, par. 5026). The plaintiff also maintains on this appeal that the failure of the Governing Commission to appeal the circuit court's order directing a hearing within the 30-day period prescribed by Supreme Court Rule 303(a) from the date of that order bars the Governing Commission from contesting that order in this appeal. This contention raises the question of whether the order directing a hearing was a final, appealable order, and we address that procedural issue first.

■■■ The purpose of the order remanding the case to the Governing Commission with directions that a hearing be conducted within a specified time was to provide the circuit court with a record on the basis of which it could rule. For that reason it was not a final, appealable order. The propriety of an unappealable interlocutory order, the violation of which results in a judgment of contempt including fine or imprisonment, is open for review on an appeal from the contempt judgment. *People ex rel. Hawthorne v. Hamilton* (1973), 9 Ill. App. 3d 551, 292 N.E.2d 563.

■■ Proceeding to the merits, we observe that the portion of the

Governing Commission's rules quoted above commands that even a probationary employee be afforded a hearing. This need not be the type of hearing provided by the Governing Commission's rules or the statute (Ill. Rev. Stat. 1973, ch. 34, par. 5026) for employees who have served more than 6 months thereby attaining the status of merit employees. But, a sufficient record must be preserved to enable a court to determine whether there has been a showing at the hearing of just cause for the discharge. In this case, there is no way that the circuit court or this court could determine from the record whether just cause was shown at the hearing. Approval by the circuit court of plaintiff's discharge on the basis of the present record would amount to nothing more than rubber-stamping the Governing Commission's decision. Exhibits purporting to demonstrate plaintiff's shortcomings were appended to the Governing Commission's motion for summary judgment, but the record is silent as to whether they were offered in plaintiff's presence during what the Governing Commission argues was a hearing. At a minimum, these documents should have been presented to the employee at a hearing and a record should show she was given the opportunity to rebut them. The record does not show that what the Governing Commission's briefs call a hearing was anything more than a meeting at which she was told she was discharged. Because the Governing Commission's own rules, which it is the obligation of the circuit court to enforce in this proceeding, entitle a probationary employee to a hearing before being discharged, the circuit court's order properly commanded such a hearing. All that is being asked of the Governing Commission is that it abide by its own rules.

A further reason for a hearing is plaintiff's claim that by reason of her previous service at the hospital she is a merit rather than a probationary employee, and therefore entitled to the full-scale hearing provided by the statute as well as the rules of the Governing Commission for a merit employee. It is doubtful that the hospital preserved plaintiff's seniority, awaiting her return over the 13 years which elapsed during her two periods of employment. This doubt is heightened by plaintiff's failure to allege her prior employment in the complaint she filed, and her assertion of her merit status for the first time in opposing the Governing Commission's motion for summary judgment. The hearing ordered by the circuit court can also properly serve as a forum to develop facts needed to determine whether the hospital granted plaintiff extended leave during the entire 13-year period of absence.

Accordingly, the judgment of the circuit court is affirmed and this case is remanded for further proceedings not inconsistent with this opinion provided the hearing ordered by the circuit court shall take place within such time as the circuit court shall direct upon remand. The Governing Commission used this appeal from its conviction for contempt as the

procedural device for testing the validity of the order to conduct a hearing. Therefore, if it conducts the hearing required by this decision within the time established by the circuit court on remand, it will have purged itself of the contempt in which it has been held.

Affirmed and remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.