No. 3-02-0028

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

J.S.A.,

Plaintiff-Appellant,

and

W.T.H.,

Minor Child-Appellant,

v.

M.H. and W.C.H.,

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 12th Judicial Circuit Will County, Illinois

No. 99-F-420

Honorable Ludwig Kuhar, 

Judge, Presiding

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff, J.S.A., filed a petition to determine the existence  of a parent-child relationship with W.T.H.  Defendant, M.H., gave birth to W.T.H. during her marriage to co-defendant, W.C.H.  Defendants filed a motion for a "best interest" hearing and asked the court to dismiss plaintiff's petition.  The court held a best interest hearing and subsequently dismissed plaintiff's petition.  The court also issued a protective order prohibiting the parties from publicly discussing the case and ordering plaintiff not to contact the child.  We reverse and remand the dismissal of plaintiff's parentage petition but affirm the issuance of the protective order.

FACTS

Plaintiff and defendant, M.H., are attorneys who shared office space with each other.  Both were married, but from 1993 to 1998, they were engaged in an extra-marital sexual affair.  M.H. became pregnant in 1995.  At that time, she was having sexual intercourse with her husband and plaintiff.  In January 1996, M.H. gave birth to W.T.H.; her husband was listed as the father on the birth certificate.

In January of 1999, following the termination of the affair, a deoxyribonucleic acid (DNA) test allegedly proved that plaintiff was the child's biological father.  Several months later, plaintiff filed a petition to determine the existence of a parent-child relationship under the Illinois Parentage Act of 1984 (Act).  See 750 ILCS 45/7(a) (West 2000).  At defendants' request, the court held a best interest hearing to determine whether it was in the child's best interest to order DNA testing.

The court concluded that the best interest of the child would be served by denying plaintiff's request for DNA testing and dismissing his parentage petition.  The court also issued a protective order barring the parties from publicly discussing the case and prohibiting plaintiff from contacting the child.

ANALYSIS

I.  Preliminary Procedural Issues

We begin by addressing three procedural issues raised by defendants.  All of the issues are questions of law, and we review them 
de novo
.  
Woods v. Cole
, 181 Ill. 2d 512, 516 (1998).  

Defendants contend that plaintiff's appeal was not filed in a timely manner.  They argue that the status of the parties was finally determined on November 21, 2001, when the trial court issued its findings of fact.  Plaintiff filed his notice of appeal on January 4, 2002, more than 30 days after the determination.

Supreme Court Rule 303(a)(1) requires an appeal to be filed within 30 days after the entry of a final judgment.  155 Ill. 2d R. 303 (a)(1) (2002).  A judgment is final if it fixes absolutely and finally the rights of all parties.  
In re Marriage of Carr
, 323 Ill. App. 3d 481, 483 (2001).

The trial court issued oral findings of fact on November 21, 2001, but entered a written order adopting those findings on December 7, 2001.  Plaintiff filed his appeal within 30 days of that written order.  Furthermore, the trial court entered a 
nunc pro tunc
 order on January 4, 2002, to amend the December 7 order to include language making that order appealable.  Since the notice of appeal was filed within 30 days of the final order, the appeal is timely.

Defendants also challenge plaintiff's standing to bring a parentage petition.  Defendants argue that, since they were married to each other when the child was born, W.C.H. is presumed to be the father, therefore plaintiff's petition should have been an action to declare the non-existence of a parent-child relationship.

Regardless of any legal presumptions of paternity, a man alleging that he is the father of a child may bring an action to determine a parent-child relationship.  750 ILCS 45/7(a) (West 2000).   Those actions must be brought no later than 2 years after the child reaches the age of majority.  See 750 ILCS 45/8 (West 2000).  Since the child in this case has not yet reached majority,  plaintiff has standing to bring his parentage petition.

Last, defendants argue that we should sanction plaintiff for references in his brief to non-admitted exhibits, specifically, for references to the results of a DNA test.  Supreme Court Rule 375 allows a reviewing court to impose sanctions for failure to comply with appellate procedure or for misrepresenting the record.  155 Ill. 2d R. 375 (2002).  The purpose of Rule 375 is to provide a punishment for litigants for their abusive conduct.  
Sterling Homes, Ltd. v. Raspberry
, 325 Ill. App. 3d 703, 709 (2001).

 Though the DNA test results were never admitted into evidence, numerous witnesses testified about the test.  Plaintiff's references to the test were not abusive conduct, and we decline to impose sanctions against plaintiff.

II. Best Interest Hearing

Plaintiff argues that the trial court exceeded its authority under the Act when it ordered a best interest hearing and dismissed his petition.  Because this issue concerns the construction of a statute, our review is 
de novo
.  
In re C.W.
, 199 Ill. 2d 198, 211 (2002).  

Section 11 of the Act states that "as soon as practicable, the court *** may, and upon request of a party shall, order or direct the mother, child, and alleged father to submit to [DNA] tests to determine inherited characteristics."  750 ILCS 45/11(a) (West 2000).  In construing statutory provisions, the word "shall" is indicative of mandatory legislative intent.  
Fumarolo v. Chicago Board of Education
, 142 Ill. 2d 54 (1990). In parentage cases, the trial court has no inherent powers to deviate from the statute; it is limited to the exercise of the powers given it by the Act.  
In re Adams
, 324 Ill. App. 3d 177, 180 (2001). 

We agree with defendants that the best interests of the child must generally guide the court, but that standard does not vest  the trial court with inherent, special powers.  The trial court is bound by the parameters of the Act.  The Act provides that the court 
may
 order testing 
sua sponte
, but it 
must
 order testing at the request of a party. It does not give the court the authority to order a best interest hearing prior to a blood test.  The trial court erred in dismissing plaintiff's parentage petition.

Nevertheless, defendants cite to 
In re Marriage of Slayton
, 277 Ill. App. 3d 574 (1996), to support their argument.  In 
Slayton
, the petitioner argued that the trial court should have determined whether it was in the child's best interest to proceed with a parentage action prior to allowing the action to proceed.  The appellate court found that the issue was not necessary to its disposition and declined to address it.  
Slayton
, 277 Ill. App. 3d at 577-78.  
Slayton
 does not support defendants' argument.

Defendants also argue that the Act gives the trial court the power to preside over a best interest hearing before ordering the DNA testing, citing 750 ILCS 45/12 (West 2000). The Act does not give the court that power.  Section 12 states that the court must determine whether it is in the child's best interest to make a judicial declaration of the parent-child relationship, and then, on the basis of that evaluation, make a recommendation for settlement to the parties.  

Further, section 12 does not provide for a hearing.  It does not give the court the power to order the parties to do anything. Section 12 only gives the court the power to recommend a settlement.  The best interest determination is based on a pre-trial conference and is merely a predicate to that recommendation.  The parties need not agree to the recommendation, and it does not have the effect of a court order on the parties.  Without a settlement agreement between the parties, the trial court does not have the authority to dismiss the action under section 12.

Paternity determinations should turn on the best interest of the child.  
In re Custody of D.A.
, 201 Ill. App. 3d 810, 823 (1990).  A paternity action to determine a child's biological father may not necessarily be in the child's best interest.  
In re Parentage of Griesmeyer
, 302 Ill. App. 3d 905, 914 (1998).  Under the Illinois Parentage Act, a court does not have the power to consider the best interest of the child before allowing DNA testing to proceed, and we do not have the power to vest the court with that authority.  

The Act itself does not explicitly provide for a best interest hearing at any time during the proceedings.  If parentage determinations are to be made under the best interest standard, the legislature must amend the Act to provide for a best interest hearing.  The law, as it exists today, fails to protect the child's best interests in parentage determinations.

III.  Protective Order

Plaintiff argues that the court exceeded its authority by issuing the protective order preventing the parties from publicly discussing the case and barring plaintiff from contacting the child.

A trial court has the power to protect the privacy of parties appearing before it.  
Northern Trust Co. v. Brentwood North Nursing and Rehabilitation Center, Inc.
, 225 Ill. App. 3d 1039, 1042 (1992).  More specifically, courts have a special interest in protecting the welfare of children.  
In re Marriage of Lappe
, 176 Ill. 2d 414, 431 (1997).

 The court issued the order to protect the young child from future harm and humiliation.  Such an order can be a proper judicial tool to protect the welfare of the  child.  We find that the court did not exceed its authority when it imposed the protective order on the parties.

CONCLUSION

The order of the circuit court of Will County is reversed in part, affirmed in part and remanded for further proceedings.

Affirmed in part and reversed in part; cause remanded.

McDADE, P.J., and BARRY, J., specially concurring.

PRESIDING JUSTICE McDADE, specially concurs:

I am in full concurrence with the majority opinion.  It seems quite clear that the legislature intended the ordering of the DNA test, when requested by the person asserting his paternity, to be mandatory and done without evaluation or judgment.  In this narrow situation, a best interest analysis is irrelevant and the court is without discretion.

I write separately only to emphasize that, if petitioner is, indeed, found to be the child’s biological father, the legislature has charged the court with the responsibility of deciding other issues which surround paternity, including custody and visitation, with the child’s best interest being of paramount concern.

Although the Illinois Parentage Act of 1984 (Parentage Act) 750 ILCS 45/1 
et seq. 
(West 2000), itself, makes little reference to best interest considerations in its text; it does expressly incorporate specific sections of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) 750 ILCS 5/101 
et seq. 
(West 2000) in which the child’s best interest is of primary concern.

Section 14 of the Parentage Act (Judgment) states in pertinent part:

“(a)(1) The judgment shall contain or explicitly reserve provisions concerning any duty and amount of child support and may contain provisions concerning 
the custody and guardianship of the child, visitation privileges with the child,
 the furnishing of bond or other security for the payment of the judgment, 
which the court shall determine in accordance with the relevant factors set forth in the Illinois Marriage and Dissolution of Marriage Act and any other applicable law of Illinois, to guide the court in a finding in the best interests of the child.
  In determining custody, joint custody, or visitation, the court shall apply the relevant standards of the Illinois Marriage and Dissolution of Marriage Act.***”

(Emphasis added.)

Section 16 of the Parentage Act provides that the relevant standards of the Marriage Act should also apply to modifications of the judgment. 

It thus appears that, although the legislature mandated that the 
determination
 of paternity be made without consideration of the best interest of the child, his best interest is of the highest concern in deciding how, or if, that paternity should be exercised.

JUSTICE BARRY, specially concurs:

Because section 11(a) of the Parentage Act (750 ILCS 45/11(a) (West 2000)) mandates DNA testing upon the request of a party, I agree with the majority opinion that the trial court erred in dismissing the plaintiff's parentage petition.  I further agree with the special concurrence's emphasis that the child's best interests should control once paternity is determined.   I specially concur to underscore what I interpret as the crucial messages in the majority opinion and the other special concurrence.  First, the existing law controlling parentage determinations does not protect the child's best interests.  Second, once parentage is determined, the child's best interests become the court's primary consideration.  In my opinion, it is imperative that the child's best interests guide the court at all stages of a parentage determination, including whether to proceed with the action.  For that reason, it is necessary that the legislature amend the Parentage Act  (750 ILCS 45/11 (West 2000)) to require that a trial court hold a best interest hearing at any necessary stage in a paternity action, including prior to granting a party's request for DNA testing.  It is only with such a requirement in place that the courts can fulfill their obligation to protect the children of our state.