# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*In re Paternity of an Unknown Minor*, 2011 IL App (1st) 102445

| | |
|---|---|
| Appellate Court Caption | *In re* PATERNITY OF AN UNKNOWN MINOR (Daniel Sandoval, Petitioner-Appellee, v. Brenda Botello, Respondent-Appellant (Jose Luis Roman, Third-Party Respondent)). |
| District & No. | First District, Sixth Division<br>Docket No. 1–10–2445 |
| Filed | June 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Respondent was properly found in contempt for refusing to comply with an order to submit herself and her child to DNA testing in petitioner's action alleging that he was the father of respondent's child, even though third-party respondent signed an acknowledgment of paternity when the child was born, since the acknowledgment did not deprive the trial court of authority to determine paternity of the child by establishing a father-child relationship pursuant to section 5 of the Illinois Parentage Act; rather, the language of section 7(a) of the Act permits a man alleging that he is the father of a child to bring an action to determine paternity, regardless of any presumption of paternity by another man, petitioner had standing to pursue his claim, and the trial court had authority under section 7(a) to order respondent to submit herself and the child to DNA testing. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09–D–79068; the Hon. Martha A. Mills, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed and remanded. |
| Counsel on Appeal | James D. Rosas, of Chicago, for appellant. |
| | Patricia A. Rangel, Dianne C. Elman, and Rebecca K. Rangel, all of Rangel, Rangel & Associates, of Chicago, for appellee. |
| Panel | JUSTICE McBRIDE delivered the judgment of the court, with opinion. Justices Cahill and R. Gordon concurred in the judgment and opinion. |

**OPINION**

¶ 1     Brenda Botello appeals from an order of the circuit court of Cook County finding her in contempt for refusing to comply with an order to submit herself and her one-year-old son to DNA testing in a paternity action brought by Daniel Sandoval. The trial judge ordered the test after Sandoval filed a verified petition alleging he was the child's father and after Botello admitted to a past sexual relationship with Sandoval. Sections 7(a) and 11(a) of the Illinois Parentage Act of 1984 provide that when "a man *** alleging himself to be the father of the child" files a verified petition to establish paternity and requests a "deoxyribonucleic acid (DNA) test[ ] to determine inherited characteristics," the court must order the testing. 750 ILCS 45/7(a), 11(a) (West 2008) (Act). Botello declined to comply with the court order, on grounds that when Jose Luis Roman signed a voluntary acknowledgment of paternity when the child was born, Roman "conclusive[ly]" established a father-child relationship pursuant to section 5 of the Act (750 ILCS 45/5 (West 2008)) and deprived the court of authority to determine paternity of the child by another man. We consider this argument on appeal.

¶ 2     The purpose of the Act is to "further the public policy of Illinois to 'recognize[ ] the right of every child to the physical, mental, emotional and monetary support of his or her parents,' without regard to the parents' marital status." *In re the Parentage of John M.*, 212 Ill. 2d 253, 263, 817 N.E.2d 500, 506 (2004) (quoting 750 ILCS 45/1.1, 3 (West 2002)). Therefore, under the Act, a father-child relationship may be established by presumption (750 ILCS 45/5(a) (West 2008)), by consent (750 ILCS 45/6 (West 2008)), or by judicial determination (750 ILCS 45/7 (West 2008)).

¶ 3     Section 5(a) of the Act provides for a presumption of a father-child relationship to arise under two scenarios, the first being when a man and the child's natural mother are or have been married, and the second being when the man and woman execute an acknowledgment of paternity. 750 ILCS 45/5(a) (West 2008). Section 5(b) specifies that when the presumption arises due to marriage, it is a rebuttable presumption that may be refuted "only by clear and convincing evidence," and that when the presumption arises due to a voluntary

acknowledgment, it "is *conclusive*, unless the acknowledgment of parentage is rescinded [within 60 days]." (Emphasis added.) 750 ILCS 45/5(b) (West 2008). "A rebuttable presumption is one that 'may be overcome by the introduction of contrary evidence' [citation], while a conclusive presumption is one that 'cannot be overcome by any additional evidence or argument' [citation]." *People ex rel. Department of Public Aid v. Smith*, 212 Ill. 2d 389, 405, 818 N.E.2d 1204, 1213 (2004). In other words, the legislature chose to give disparate treatment to the two groups of presumed fathers. In *Smith*, the supreme court explained why this was so:

"A man who voluntarily acknowledges paternity signs an acknowledgment form advising him of his rights and specifically informing him that he is accepting the responsibility of being a parent to the child, that he has a right to genetic testing, and that he is waiving that right by signing the voluntary acknowledgment. Thus, a presumed father who signs a voluntary acknowledgment is in an entirely different position from a man who simply assumes he is the child's father because of his marriage to the child's mother. Unlike a man presumed to be a child's father [due to marriage], a man who signs a voluntary acknowledgment of paternity specifically agrees to forgo any further inquiry into whether he is the child's biological father and to assume the responsibility for being a parent to the child. Clearly, it would be unreasonable to allow a man in this position to undo his voluntary acknowledgment years later on the basis of DNA test results, when his paternity was based not on a mere marital presumption that he was the child's father but on his conscious decision to accept the legal responsibility of being the child's father. This is obviously the reason that the legislature chose to make the marital presumptions rebuttable and the voluntary acknowledgment presumptions conclusive." *Smith*, 212 Ill. 2d at 405-06, 818 N.E.2d at 1214.

¶ 4    The voluntary, unconditional acceptance of the role of parent is as legally binding on the man as a judicial determination based on evidence. *In re Parentage of G.E.M.*, 382 Ill. App. 3d 1102, 1109, 890 N.E.2d 944, 954 (2008). A presumed father has standing to challenge his voluntary acknowledgment of paternity only on the basis of fraud, duress, or material mistake of fact, and he would have to meet the standards of section 2–1401 of the Code of Civil Procedure. *G.E.M.*, 382 Ill. App. 3d at 1117, 890 N.E.2d at 954 (citing *Smith*, 212 Ill. 2d at 399, 818 N.E.2d at 1205; *Department of Public Aid ex rel. Howard v. Graham*, 328 Ill. App. 3d 433, 435-36, 766 N.E.2d 272 (2002)); 735 ILCS 5/2–1401 (West 2008). See also 410 ILCS 535/12(7) (West 2008) ("An acknowledgment of paternity *** may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenging party. Pending outcome of a challenge to the acknowledgment of paternity, the legal responsibilities of the signatories shall remain in full force and effect, except upon order of the court upon a showing of good cause."). Thus, under the Act, "fatherhood is not always created by pure genetics." *G.E.M.*, 382 Ill. App. 3d at 1109, 890 N.E.2d at 953.

¶ 5    In this case, one day after Botello gave birth to a son on December 20, 2007, she and Roman signed an Illinois voluntary acknowledgment of paternity form, and shortly after that, Cook County issued a birth certificate giving the child Roman's surname. On January 15,

2009, which was more than 60 days later, Sandoval filed the instant paternity suit. As we summarized above, when Botello conceded she had a sexual relationship with Sandoval during the relevant time period, the trial court ordered her to submit herself and the child to DNA testing, but she refused, contending that she and Roman had deprived the court of subject matter jurisdiction to "revisit or redetermine the existence of a father and child relationship for a child who already has a legal father." Thus, Botello construed the statutory term "conclusive" to mean that once parentage is presumed under section 5 and has not been timely rescinded, that presumption is unassailable by any party or in any legal proceeding.

¶ 6       Her interpretation, however, negates the legislature's plain statement in section 7(a) of the Act, that "[a]n action to determine the existence of the father and child relationship, *whether or not such a relationship is already presumed under Section 5 of this Act*, may be brought by *** a man presumed or alleging himself to be the father of the child or expected child." (Emphasis added.) 750 ILCS 45/7(a) (West 2008). In a recent case, for instance, W.C.H. was presumed to be W.T.H.'s father because he was married to W.T.H.'s mother when she gave birth, and on the basis of the marital presumption stated in section 5, the couple challenged J.S.A.'s standing to bring a parentage petition. *J.S.A. v. M.H.*, 343 Ill. App. 3d 217, 220, 797 N.E.2d 705, 708 (2003). Based on the plain terms of section 7(a), the appellate court rejected the challenge:

> "Regardless of any legal presumptions of paternity, a man alleging that he is the father of a child may bring an action to determine a parent-child relationship. 750 ILCS 45/7(a) (West 2000). Those actions must be brought no later than two years after the child reaches the age of majority. See 750 ILCS 45/8 (West 2000). Since the child in this case [is four years old and] has not yet reached majority, plaintiff [J.S.A.] has standing to bring his parentage petition." *J.S.A.*, 343 Ill. App. 3d at 220, 797 N.E.2d at 708.

¶ 7       *J.S.A.* is not directly on point because the legal presumption there arose due to marriage rather than a voluntary acknowledgment of paternity; however, the case illustrates that a presumption of paternity may be rebutted. *J.S.A*, 343 Ill. App. 3d 217, 797 N.E.2d 705. We emphasize that section 7(a)'s broad wording encompasses presumptions that arise due to marriage as well as presumptions that arise due to the execution of an acknowledgment of paternity. In another case construing this statute, the supreme court held:

> "[A] man alleging himself to be the biological father of a child has standing to bring an action to establish his relationship to the child, without regard to whether another man is already presumed to be the child's father pursuant to section 5(a) of the Act. Moreover, once a petition to establish parentage is filed with the court, the court, pursuant to Section 11(a) of the Act, 'may, and upon request of a party shall, order or direct the mother, child and alleged father to submit to deoxyribonucleic acid (DNA) tests to determine inherited characteristics.' *** 750 ILCS 45/11(a) (West 2002). If the results of paternity testing obtained pursuant to this section show that the presumed father is not the biological father, the presumption in section 5 is rebutted. 750 ILCS 45/11(g) (West 2002)." (Emphasis omitted.) *John M.*, 212 Ill. 2d at 264, 817 N.E.2d at 506.

-4-

¶ 8    Also relevant is the fact that the legislature provided for instances in which a man would wish to seek a declaration that he is not a child's father. Section 7(b) of the Act provides, "An action to declare the *non-existence* of the parent and child relationship may be brought by *** a man presumed to be the father under *** Section 5 of this Act [due to his marriage to the child's mother]." (Emphasis added.) 750 ILCS 45/7(b) (West 2008). Notably, section 7(b) does not indicate that a man who is presumed to be the father under section 5 due to his signature on a voluntary acknowledgment of paternity form, such as Roman, may simply have a change of heart and bring an action to declare the nonexistence of the parent and child relationship. An additional section of the Act, section 7(b–5), provides for a declaration of a nonexistence of the parent and child relationship, in limited circumstances not relevant here. 750 ILCS 45/7(b–5) (West 2008); *Smith*, 212 Ill. 2d at 400, 818 N.E.2d at 1210 (construing 7(b–5)).

¶ 9    These statutory sections led the supreme court to state, "A father-child relationship may be *established* pursuant to section 7(a), or *disestablished* pursuant to sections 7(b) and 7(b–5). Section 7(a) permits various parties to bring an action to establish a child's paternity, without regard to whether parentage is presumed under section 5(a)." (Emphasis in original.) *John M.*, 212 Ill. 2d at 263-64, 817 N.E.2d at 506.

¶ 10    Reading the statutory provisions together, it is apparent that despite a legal presumption of paternity, an action to establish or disestablish paternity may be brought and the court will have authority to adjudicate the issues. Botello's construction of "conclusive" as it is used in section 5 of the Act is overbroad. The term "conclusive" as it is used in section 5 must be applicable only to the signator or signators of an Illinois voluntary acknowledgment of paternity form, in this instance Botello and Roman, in order to preclude them from subsequently disputing their parent-child relationship with the child, except in the very limited circumstances set out in section 7(b). 750 ILCS 45/7(b) (West 2008). We do not construe their voluntary acknowledgment of paternity to be a legitimate means of thwarting another man's parentage action or a permissible basis for interfering with a father-child relationship.

¶ 11    We find the plain language of section 7(a), which permits a man alleging that he is the father of a child to bring an action to determine paternity, is applicable here, regardless of any presumption of paternity by another man. 750 ILCS 45/7(a) (West 2008). Sandoval filed the requisite verified petition alleging he is the minor child's father and he requested DNA testing. We find that pursuant to section 7(a), Sandoval had standing to pursue this claim and that pursuant to section 11(a), the trial judge had authority to order Botello to submit herself and the child to DNA testing to determine Sandoval's paternity. Botello's refusal to comply with the court order to that effect was a willful disregard of the judge's authority.

¶ 12    For these reasons, we affirm the judgment of the circuit court and remand this case for further proceedings consistent with the opinions expressed in this order. If Botello submits herself and the child to DNA testing within the time frame ordered by the circuit court on remand, she will purge herself of the contempt finding. *People ex. rel. Miselis v. Health & Hospitals Governing Comm'n*, 44 Ill. App. 3d 958, 961-62, 358 N.E.2d 1221, 1224 (1976).

¶ 13    Affirmed and remanded.